Gaston, Judge.
 

 We collect from the transcript in this case, that a general verdict was rendered for the plaintiff, subject to the opinion of the Court, upon a case agreed, as to the legal construction of the will of William Gatling the elder. If under that will William Gatling the younger took a fee simple in the lands in controversy, it was agreed that judgment should be rendered for the defendant; if he took an estate for life with a contingent limitation thereafter to his children, and the ulterior estafe of the testator descended to the testator’s heirs at law, the plaintiff was to have judgment for an undivided half of the premises set forth in the declaration; but if this ulterior estate was disposed of by the will under what was claimed to be a residuary devise, then the plaintiff should have judgment for an undivided fourth part only of the premises. The Court below adopting the second of these interpretations, gave the plaintiff judgment for a moiety; and the defendant appealed.
 

 It is clear that William, the son, did not take a fee. The will in terms restricts the devise to him to a devise for life, and the devise to his children, if he should have any, is to them as purchasers.
 

 The only question admitting of controversy, is whether the testator made any disposition of the ulterior interest in him remaining after the devise to his son William for life; and the devise to William’s children in fee. The clause
 
 *481
 
 which is supposed to contain this disposition is in these words : “ My will and desire is, that all my property as I have not before given away and lent, to be equally divided between my son William Gatling, and Elizabeth Boyd, and my wife Selah Gatling and Etheldred Boyd Gatling, to them and their heirs forever.” The words “all my property,” unless they are explained by other words in the will to have a different meaning, embrace every subject of property and every interest therein which belonged to the testator. The word “ estate” is confess- ° ... edly sufficient for these purposes; and in holding it to be thus sufficient it has been said to import the entire property of the testator.
 
 Nichols
 
 v.
 
 Butcher,
 
 18 Vesey, 193. That the word property, if not so qualified by the context as to require a narrower signification, comprehends the real estate of the testator, was said by this Court in
 
 Doe
 
 v.
 
 Hyman,
 
 1 Dev. 333, to be fully settled. If it were not, it is manifest in this case, that the testator meant by it real as well as personal property. Every subject of disposition mentioned in the will is fully given away, except the lands and negroes lent to his son for life. The clause under consideration speaks of property not before given away or lent — and there is nothing to which the term property before lent can apply, except to these lands and negroes, and these are certainly both comprehended under the designation of property in the clause immediately following, in which he gives to the children of William “ all the property as I have before lent to my son William.” The devise then of all the property not previously disposed of, either by gift or loan, is a residuary devise, and will carry with it every reversionary interest in the testator which has not been specifically devised, whether such interest were in the contemplation of the testator or not, and whether it were known or unknown to him — unless it expressly appear upon the will or be necessarily inferred from it, that his intention was confined to pass other estates and interests only, and actually to exclude such reversion therefrom.
 
 Doe, lessee of Cholmondeley
 
 v.
 
 Weatherby,
 
 11 East, 332.
 
 Doe, lessee of Wells
 
 v.
 
 Scott,
 
 3 Maule and Selw. 300.
 
 Goodright lessee Buckinghamshire
 
 v.
 
 Down
 
 
 *482
 

 shire, 2
 
 Bos. and Pul. 600. The true inquiry, then is, whether it be
 
 manifest
 
 on the will that the testator intended to exclude this reversion from the operation of the residuary devise.
 

 
 *481
 
 Thewords property» include thing, un-!ess th.e intention to the con-jj^^Tha case of 1 Dct. ReP' proved!
 

 
 *482
 
 We regret that we have not had the benefit of an argument on the part of the plaintiff, and that we are left to discover as well as we can the views which the Court below took in forming its judgment. We presume that the train of reasoning which led to this result was substantially as follows : The alleged exclusion is not indeed to be found
 
 in words,
 
 but it is to be inferred from an examination of the different parts of the will. In the first place it is to be.observed, that the testator, in a prior part of the will, lends to his son William not only the land therein named, but also
 
 “
 
 all the land not otherwise lent and given; and after this general disposition proceeds expressly to lend to his son, after his wife’s death, the land which had been lent to her for life. Front this it would seem, that in the devise of all the land not otherwise lent, the testator did not suppose any interest in land included, in regard to which land he had made a previous partial disposition, and therefore deemed it necessary to subjoin an express devise of the land before lent to his wife. And it might have been thought, that having thus ascertained that the testator, in speaking of land not before lent or given, had reference only to the -corpus, and not the
 
 interest
 
 in it, we ought to understand him when afterwards devising and bequeathing all the property not before lent or given, as confining the disposition to the
 
 things
 
 not before disposed of, and excluding therefrom undisposed interests in those partially disposed of. Besides, this residuary devise is of property not
 
 before
 
 given away or lent; yet immediately afterwards comes a clause making a contingent gift to the children of his son of the land lent to him for life. Now if all the testator’s interest in this land, except the life estate devised to William, be included in the residuary devise, this last limitation is repugnant to that devise, and in the'construction of every instrument care should be taken to reconcile all its parts to each other.
 

 It is not to be denied that this train of reasoning has
 
 *483
 
 much force, and that if it were necessary for the residuary devisees, to establish an actual intent in the testator to pass the reversionary interest, it would be an argument difficult for them to encounter. But as the words of the residuary devise do, in their ordinary, as well as legal import, comprehend this reversion, the argument to be successful should establish a manifest intent in the testator not to include it. This we think it does not show. It does not follow, that because the testator supposed, or apprehended that a devise of
 
 land
 
 not before given or lent ■did not pass a reversionary interest in the land previously lent, he intended to exclude such an interest from the operation of a devise of
 
 all his property
 
 not before given or lent. It is indeed true, that the word land, unexplained, is sufficient to embrace not only the land itself, but the interest of the testator in it, but it is not so appropriate for that purpose as property or estate. It may well be, therefore, that in using the words “ all my property,” he might mean all his interest or ownership of every kind in the subjects of property, although in using the word land, he either meant, or feared that others might think that he meant, to pass the thing itself, and not his estate in it, and in the latter case deemed it advisable to subjoin an additional express clause, either to dispose of that estate, or to remove all doubts that it had been disposed of. The residuary devise, and the following clause, ought indeed to be reconciled; but for this purpose, it does not appear to us necessary to give to the residuary devise the restricted construction which this argument requires. The latter clause may, without violence, be regarded as containing an exception out of, or rather qualifications of the former devise. There is no improbability in supposing that the testator having neglected until the close of his will to provide for the contingency of his son William leaving children, it
 
 then
 
 presented itself to his consideration, :and presented itself with the more force, because of his perceiving the effect of the immediately preceding devise, taken in connection with the former dispositions to his son. Courts of justice, in many cases, cannot hope to define with certainty the intentions of testators. It is,
 
 *484
 
 safer, when words are found in a will, which by usage and legal interpretation embrace certain devisable interests, and are used without qualification or explanation, to understand the testator as meaning what he says, rather than to indulge in the hopeless pursuit of making out his meaning, by a refined and minute analysis. Things and interests embraced within the disposing words of a will •must be taken to pass by them, unless there can be found a declaration plain to the contrary.
 
 Church
 
 v.
 
 Munday,
 
 15 Ves. 406. In the present case, it is the more incumbent upon us to adhere to this safe rule, for the departure .from it which the plaintiff insists upon, will have the effect to cause a partial intestacy, when it is apparent from the ■introductory'' words of the will, that the testator intended to make a disposition of all “ his estate and effects.”
 

 The judgment in the Superior Court is to be reversed; and the plaintiff is to have judgment here for one undivided fourth-part of the premises contained in his ■declaration. The plaintiff is entitled to have his costs of the Court below, and the defendant recovers costs in this ■Court.
 

 Per Curiam. Judgment accordingly.