(17 App. Div. 372.)

CATTABERRY v. KNOX et al.

(Supreme Court, Appellate Division, First Department. May 7, 1897.)

MECHANICS' LIENS—FORECLOSURE—COMMENCEMENT OF PROCEEDING.
     A notice by the owner to the lien claimant to commence an action to foreclose within 30 days (Laws 1885, c. 342, § 24, subd. 5) is complied with by service of summons within that time.

Appeal from special term, New York county.

Application to vacate and cancel the record of the notice of a mechanic's lien claim filed by Louis Cattaberry against John A. Knox and Mary Knox. The notice of lien was vacated and canceled, and from an order denying a motion to set aside the order vacating and canceling the notice of lien, the lien claimant appeals. Reversed.

Argued before WILLIAMS, PATTERSON, O'BRIEN, INGRAHAM, and PARKER, JJ.

James A. Dunn, for appellant.
J. H. Hildreth, for respondent.

PATTERSON, J.    The claimant's motion to set aside the order of March 1, 1897, vacating and canceling the record of the notice of lien should have been granted. The lien was discharged upon an ex parte application, on which it was represented to the court that the lienor had failed to comply with the requirements of a notice served by the owner pursuant to the fifth subdivision of section 24 of chapter 342 of the Laws of 1885. Upon the motion to vacate the order discharging the lien it was shown that the lienor had within the time limited—that is to say, within 30 days from the time

of the service of the notice—served a summons on the proper parties in an action to foreclose the lien. The court below evidently considered that it was necessary, to constitute a proper action for the foreclosure of the lien, to do something more than serve a summons, and relied upon section .6 of the Act of 1885 as an authority. That section only relates to the binding effect of the lien for a longer period than one year after a notice of the lien is filed, and provides that the lien shall expire at the end of a year, unless within that time an action has been commenced to enforce the lien, and a notice of the pendency of the action filed with the county clerk Section 8 of the law referred to enacts that the manner and form of instituting and prosecuting an action to foreclose a mechanic's lien shall be the same as in actions for the foreclosure of mortgages upon real estate, except as otherwise provided. Actions for the foreclosure of mortgages on real property are begun as any other actions. are, namely, by the service of a summons. The Code of Civil Procedure specifically provides, that an action is begun by the service of a summons. A notice of lis pendens in a foreclosure suit is required during the course of proceedings before judgment may be had by default, but the filing of a notice of lis pendens is not necessary to the institution of a suit, nor was the service of a complaint necessary in this action to the commencement of a suit after notice given under the provisions of the fifth subdivision of section 24 of the mechanic's lien law. The provisions of section 9 apply only to an action to foreclose a lien in a court not of record. It was a sufficient compliance with the notice given by the owner on the claimant in this case that the latter served the owner and the contractor with a summons. That was the commencement of an action within the meaning of the mechanic's lien law, as well as within the meaning of the Code of Civil Procedure.

The order appealed from was wrong, and must be reversed, with costs and disbursements, and the motion to set aside the order canceling the claimant's lien be granted with $10 costs, and the lien be restored with the same effect as if the original order vacating the lien had not been entered. All concur.