HERBERT M. HINZIE ET AL. v. CLARENCE GEORGE HINZIE ET AL.

Decided February 16, 1907.

**1.—Will—Residuary Clause—Construction.**

A will contained the following provisions: "Item 2. I give and bequeath to my beloved wife C. for and during her natural life or so long as she shall remain unmarried, my half interest in my family residence and homestead" (and other property, describing the same) "the said property to be held by her for the use and benefit of herself and the support and education of our children as hereinafter directed." Also the following: "Item 3. I give and bequeath all the residue of my estate real and personal and mixed to my said wife and the children of her by me begotten, to be by them held and enjoyed in equal interest, share and share alike." Held, that under the residuary clause, and in view of the evidence, the estate in remainder, after carving out the particular estate devised to the wife and her children, in the property described in item 2, vested in fee simple in the wife named and her children, to the exclusion of other children of the testator by a former wife.

**2.—Same.**

An estate in reversion or remainder passes by a general residuary clause. It is presumed that a testator intended to dispose of his entire estate and not only a part.

Appeal from the District Court of Anderson County. Tried below before Hon. B. H. Gardner.

*Gregg & Brown,* for appellants.

*Thos. B. Greenwood,* for appellees.

REESE, ASSOCIATE JUSTICE.—This is a suit in the District Court by Mrs. Celia Hinzie, widow of Martin Hinzie, deceased, in her own right and as executrix of the will of said Martin Hinzie, and also as next friend of Clarence George Hinzie, infant child of herself and said Martin Hinzie, against other children and heirs at law of said Martin Hinzie for the purpose of procuring a construction of the will of said Martin Hinzie.

The clauses of the will with regard to which the doubt arises are as follows:

"Item II. I give and bequeath to my beloved wife, Celia Hinzie, for and during her natural life or so long as she shall remain unmarried my half interest in my family residence and homestead situated on Magnolia Street, my one-seventh in my two-story brick storehouse and lot on Spring Street the same extending north to Main Street, deeded to me by W. E. Hinzie as shows my house and lot in West Palestine known as the O'Day Place as follows to wit: Lot 13, block A 1 Texas Land Co. Addition to Palestine, Texas, also lot 6 b-1 on Cottage Ave., known as the James Cary place, also all my interest in 82 acres of the J. Jordan survey known as the Jas. W. Gass property, laying directly west of the Duke farm, reference to the division of the property made by an order of the District Court will show lines of same, the same now being all under fence, the said property to be held by her for the use

and benefit of herself and the support and education of *our children* as hereinafter directed.

"Item III.   I give and bequeath all the residue of my estate real and personal and mixed to my said wife, Celia Hinzie, and the children of her by me begotten, to be by them held and enjoyed in equal interest, share and share alike."

It was contended by appellees that by these provisions of the will Mrs. Hinzie and her son Clarence George Hinzie and another child of Mrs. Hinzie and the testator, to be thereafter born, and whose birth was anticipated at the time the will was executed, took the entire estate in fee simple in the property described in item 2 of the will above set out, subject to the right of Mrs. Hinzie to hold and 'use the same during her natural life, or so long as she might remain unmarried, for the support and education of the children of herself by the testator.

Defendants' contention is that only a life estate, or an estate during her widowhood, is given to Mrs. Hinzie in this property, the remainder not passing under the residuary clause in item 3, but being left undisposed of, and that the unmarried daughter and minor sons of the testator, constituents of his family at the time of his death, were intended to be protected in their right to the homestead, as coming within the meaning of the term "our children" in item 2.

Upon trial by the court judgment was rendered adopting the construction contended for by the plaintiffs, from which defendants appeal.

It was shown that the property described in item 2 of the will, and in which by its provisions an estate for life or widowhood is given to Mrs. Hinzie, to be used for the support of "our children," constitutes the bulk of the estate of the testator.   If the remainder after the life estate, or estate during widowhood of Mrs. Hinzie, does not pass under the bequest of the residue of his estate, much the larger part of the property of the testator would remain undisposed of by the will, and would pass to his heirs at law consisting of his seven children by his first wife, and the one, or possibly two, children by his present widow.   As showing the intentions of the testator towards the children by his first wife, who are the defendants in this suit, the following provision of his will is important:

"Item VI.   I give and bequeath to my beloved son, William Eugene Hinzie the property known as the Dennavant Property, namely lot 5 B. B. 2.   The balance of my children by my former wife Susan Ann Hinzie, deceased, have been provided for by the order of the court in the division of the property owned at the time of the death of my beloved wife, Susan Ann Hinzie."

It was shown that these children had received a considerable amount of property as their mother's share of the community estate of testator and their mother, supplemented by a conveyance from testator to them of his half of the brick storehouse constituting the business homestead, of considerable value.

"The natural and reasonable presumption is that when so solemn and important an instrument as a will is executed the testator intends to dispose of his whole estate, and does not intend to die intestate as to any of his property, which presumption is overcome only when the intention of the testator to do otherwise is plain and unambiguous, or is

necessarily implied." (30 Am. & Eng. Ency. of Law, 668, and note citing cases; 2 Redfield Wills, 116; Carr v. Dings, 58 Mo., 400; Harrell v. Hoskins, 19 N. C., 479.)

If by any reasonable interpretation of the language of the will in the present case such a construction of the residuary clause can be arrived at as will include all of the testator's estate not specifically disposed of, the presumption against partial intestacy requires that it be done. It is the purpose of a residuary bequest to dispose of all of the property and estate of the testator not specifically disposed of by other provisions of the will. In order to have this effect the bequest of the residue in the present will would have to include the remainder, after the exhaustion of the estate devised to Mrs. Hinzie, in the property described in item 2 of the will.

In a note to Redfield on Wills, p. 116, it is stated that "the reversion or remainder of an estate devised for life passes by the general residuary clause" and Cline v. Latimore, 1 Winston Law R. (N. C.), 207, and Doe ex dem Atkins, id. 273, are cited in support of the proposition. We have not been able to examine these authorities nor the case of Oakes v. Massey, 87 N. Y. Supp., 1118, to the same effect, cited in note, 2 Current Law, p. 2154. The cases referred to appear to be exactly in point, as is the case of Foil v. Newsome, 138 N. C., 115, in which it was expressly held that a gift of the residue in general terms included the remainder, after termination of the life estate in property devised for life of the devisee.

We think that the language of the will, which was written entirely by the testator himself, fairly expresses the intention that the property described in the second clause of the will should pass, under the residuary clauses to his widow and her children by the testator in equal interests, subject to an estate therein to Mrs. Hinzie during her life or widowhood, to be used for the support and education of the children of her marriage with testator. If we go outside of the language of the will and look to the circumstances which would have probably influenced the testator, they but add force to this construction.

The children of the testator by his first wife were all grown, or practically so, four of the seven were married, and it is clear from the language of the will with regard to them that he considered that they had already been sufficiently provided for. His widow and infant of two years of age, and the expected child, had nothing except what they took under the will. If the language of the residuary clause left it doubtful, and we think it does not, whether it was intended to convey the remainder, after the life estate of Mrs. Hinzie in the property described in the second clause of the will, the presumption against intestacy, aided by the circumstances which probably influenced the testator, would compel the construction adopted by the trial court. It appears clear to us from the language of the will, with regard to testator's children by his first wife, and in the light of the evidence with regard to the age of these children; the youngest being over nineteen years of age; and the amount of property shown to have been already received by them, that by the term "our children" in the second clause of his will the testator referred to the infant child and the expected child of himself and his

then wife and did not intend to include any of the children of himself and his first wife.

If the testator intended to include any of these children the conclusion can not be avoided that he would, at least, have limited the provision for their support and education to those who were members of his family at the time, that is, the unmarried daughter and two minor sons, and would not have used language which would include all of his children, four of whom were shown to have married and established themselves in homes of their own at the time of the execution of the will.

We think there is no error in the judgment and it is affirmed.

*Affirmed.*