**Vernice WOODS et al., Appellants,**

**v.**

**Arthur E. WEDGEWORTH, Executor of the Estate of Theodore B. Wedgeworth, Deceased, et al., Appellees.**

**No. 6100.**

Court of Civil Appeals of Texas, El Paso.

April 1, 1970.

Briscoe, Dally & Shaffer, Joe C. Shaffer, Houston, for appellants.

Raymond D. Wier, Shafer, Gilliland, Davis, Bunton & McCollum, Franklin A. Pickens, Odessa, for appellees.

OPINION

WARD, Justice.

This action was brought in District Court of Ector County by the appellants seeking a favorable interpretation or construction of the last will of Theodore B. Wedgeworth, deceased. The trial court, without a jury, upon an agreed stipulation of facts and some undisputed testimony, held that the instrument in question was a valid testamentary disposition of the Estate of Theodore B. Wedgeworth, and was sufficient to establish devises and bequests to the appellees, and that the appellants take nothing by their suit. We affirm the judgment of the trial court.

Theodore B. Wedgeworth had two sisters and three brothers. One of the sisters, Hattie Wedgeworth Flanegan, died in 1922 leaving as her surviving heirs four daughters, who are the appellants herein, and who are therefore nieces of the decedent. The other brothers and sister of Theodore B. Wedgeworth are Dollie Reavis, Stanley Wedgeworth, Elmer Wedgeworth and Arthur E. Wedgeworth. The first-named brother, Stanley Wedgeworth, predeceased Theodore B. Wedgeworth. Robert Elmer Wedgeworth is a son of Elmer Wedgeworth and therefore a nephew of the decedent. These surviving brothers, sister and nephew are the appellees.

The will in question was duly executed and witnessed on April 16, 1955, and the pertinent parts are as follows:

"KNOW ALL MEN BY THESE PRESENTS: That I, Theodore B. Wedgeworth, of the County of Ector and State of Texas, being of sound and disposing mind and memory, and being desirous to settle my *wordly* affairs while I have the strength to do so, do make this my last will and testament, hereby revoking all others by me at any time heretofore made.

"I desire that all of my just debts shall be paid as soon after my death as possible, and that the legacies hereinafter given shall, after the payment of my just dects, be paid out of my estate.

"I give to my brother, Stanley Wedgeworth, all of the estate, both real and personal, of which I may die seized and

possessed after the payment of my just debts, together with all the expenses incident to the probating of this will, the same to pass to him in fee simple, to manage, sell or dispose of as he may seem proper.

"I hereby constitue and appoint my brother, Stanley Wedgeworth, as executor of this my last will and testament, and direct that no bond or security be required of him as executor, and that no further action be had in the County Court in the administration of my estate other than to prove and record this will and the return of statutory inventory, appraisement and list of claims.

"In the event of the death of my brother, Standley Wedgeworth, prior to my demise or simultaneously with my demise, it is my desire and will that the rents, revenue and hire from my estate go to Elmer Wedgeworth of Jasper, Texas, Arthur E. Wedgeworth of Dallas, Texas, and Mrs. Dollie Reavis of Minden, Louisiana, for their lives; and upon the death of any one of said parties, such interest to then vest and descend to my nephew, Robert Elmer Wedgeworth. The life estate herein created in favor of the parties named shall terminate as to such party upon his or her death, and such portion or interest of such deceased party shall descend and vest immediately in my nephew, Robert Elmer Wedgeworth. In this event, I hereby appoint my brother, Arthur E. Wedgeworth, as executor of my estate and direct that no bond or security be required of him as executor.

"In the event of the death of the said Arthur E. Wedgeworth, prior to my demise, then I appoint my said nephew, Robert Elmer Wedgeworth, as executor of my estate and direct that no bond or security be required of him as executor, and that no other action shall be had in the County Court other than to prove and record this will and the return of statu-

tory inventory, appraisement and list of claims."

Theodore B. Wedgeworth died on the 9th day of October, 1967, and the instrument was duly admitted to probate in November, 1967 in the County Court at Law of Ector County, as his last will, with Arthur E. Wedgeworth receiving Letters Testamentary as Independent Executor. It was stipulated that an instrument was executed by the appellees on the 14th day of December, 1967 which determined the rights of appellees to the whole estate between themselves. Under the present proceedings, no question is raised as to the validity of the will, testamentary capacity, its entitlement to probate, or any other question which would properly be within the jurisdiction of the probate court.

Appellants contend only that as a matter of law the will was insufficient to dispose of the estate, as paragraph 5 of the will was merely precatory in nature and failed to establish a valid devise or bequest, with the result that the estate would pass as intestate property to the partial benefit of the appellants; the testator having used the mandatory words, "I give to my brother, Stanley Wedgeworth", in the fourth paragraph, and then following in the fifth paragraph with the less commanding words of "desire and will" in favor of the contingent beneficiaries, shows merely words of a precatory nature.

█ In our view, it becomes a matter, at most, of interpretation of the instrument from the entire language of the will of the actual intent of the testator as opposed to construction which consists of assigning meaning to the instrument when the testator's intention cannot be fully ascertained from the proper sources. 10 Texas Practice, Construction of Wills, p. 325. In determining the actual intent of the testator as distinguished from the imputed intent as derived from some rule of construction, the emphasis is upon the language of the instrument itself considered as a whole.

So, considering the language as a whole, it seems clear, definite, and incapable of any other meaning than that, by the words used, there was a definite command on the part of the testator that in the event of Stanley's prior death, the estate would go in various degrees to the appellees. "Where there is no ambiguity, technical rules of construction have no application, and the court is confined to a mere legal interpretation and enforcement of the testator's intention." Dutchover v. Dutchover, 334 S.W.2d 569 (Tex.Civ.App., El Paso 1960).

In the first place, the word "desire" is used with the commanding word "will". While the Supreme Court, in the case of McMurray v. Stanley, 69 Tex. 227, 6 S.W. 412, held that the words "will and desire" were mandatory, admittedly it was dealing with a situation where the testator used the same words throughout the will, and the case is stronger on its facts for the appellees than our present situation. But that court did say the following:

"The words 'will' and 'desire' show an intention on the part of the testatrix, when used in such a connection, to dispose of the property to which they relate, and they are of frequent use in testamentary papers. The word 'wish' when used in such a connection, is the equivalent of the word 'desire', and has often been held to evidence the intention of the testator, when used in a will, to dispose of the property to which the wish refers. The word 'will,' however, when used in such a connection, is a stronger term, and evidences more clearly, not only a desire that the thing willed shall become the property of the person in whose favor a bequest is made, or that the act thus directed shall be performed, than does the word 'wish' or 'desire'. Its use evidences the decision of a mind, having power to carry its purpose into effect, that something shall be done or forborne, and makes this mandatory, rather than directory."

In the second place, the appellants are nowhere mentioned in the will. In situations where the courts have construed words such as "desire" as being precatory, those benefiting from such an interpretation are usually named in the will.

Finally, in the paragraph under consideration, the testator used the words, "The life estate herein created in favor of the parties named shall terminate as to such party upon his or her death." This shows a definite knowledge that he used the words in a mandatory sense and that he had created a life estate. More forcefully, he goes on to say, "and such portion or interest of such deceased party shall descend and vest immediately in my nephew, Robert Elmer Wedgeworth." This is certainly clear and mandatory. If anyone could claim that the disputed portions of the will were precatory, it would seem that Robert Elmer Wedgeworth, who receives the fee simple estate, would be in a better position to do so than the appellants, who are entirely unnamed and strangers to the will.

Appellants have cited the case of Byars v. Byars, 143 Tex. 10, 182 S.W.2d 363 (1944) as authority for their argument that the words "desire" and "will" are to be legally interpreted in their ordinary and natural meaning as precatory in nature. The case is clearly distinguishable in view of the fact that the word held to be precatory in that case was the word "request", and the words "will" and "desire" were not before that court for consideration. The case of Henry v. Curb, 430 S.W.2d 29 (Tex.Civ.App., Eastland 1958, wr. ref., n. r. e.) held the words "desire" and "request" as precatory and not testamentary, but there the words in question were used after a fee simple estate had been granted. A reading of the case shows the distinction.

Having considered the will as a whole, and particularly the fact that the precatory word "desire" is used with the mandatory "will", the fact that the appellants are nowhere named in the will, and

that after the expiration of the life estate, the fee simple clearly vested in Robert Elmer Wedgeworth, we hold that the words used are mandatory and testamentary.

The rules of construction do not come into play in this case. If they did, the appellants would be faced with the insurmountable task of overcoming that most quoted rule that a construction will be made which would avoid a partial or total intestacy. From the mere fact that the testator made a will, it will be presumed that he intended to dispose of his entire estate. Briggs v. Peebles, 144 Tex. 47, 188 S.W.2d 147 (1945). This can be overcome only when an intention to allow a part of the estate to pass by intestate succession is plain and unambiguous. Hinzie v. Hinzie, 45 Tex.Civ.App. 297, 100 S.W. 803 (1907). Having given the language of the will a fair, practical and reasonable interpretation, the appellants' only point is overruled.

The judgment of the trial court is affirmed.

FRASER, C. J., not participating.