George P. SOWELL et al., Appellants,

v.

Pemela Fraser HEINS et al., Appellees.

No. 17604.

Court of Civil Appeals of Texas,
Dallas.

April 30, 1971.

Rehearing Denied May 21, 1971.

Melvin D. Whitaker, Palestine, for appellants.

Houston E. Holmes, Jr., Worsham, Forsythe & Sampels, Leslie Shults, Stanley C. Hogg, Dallas, for appellees.

CLAUDE WILLIAMS, Chief Justice.

First National Bank in Dallas, in its capacity as independent executor of the will of Viola C. Fraser, deceased, brought this action seeking a judicial construction of a portion of the will. The only question presented for determination is whether or not Mrs. Fraser died intestate as to a part of the property she owned at the time of her death and which was the subject of a trust created in the will.

The facts are brief and undisputed. Mrs. Viola Fraser died in November of 1969 and her will and codicil were duly admitted to probate. No one questions the validity of the will itself. In the instrument Mrs. Fraser left one-half of her total estate, other than a few specific bequests, to her only daughter, Pemela Fraser Heins. The remaining one-half of her estate was left to the First National Bank in Dallas, as trustee, for the use and benefit of named beneficiaries. One-third of the trust was to be held for the benefit of two nieces of the testatrix. No question is presented in this litigation concerning the validity of this portion of the trust estate.

The remaining two-thirds of one-half of the estate is the subject of controversy. The material portions of Paragraph III of the will dealing with this part of the trust ·estate read as follows:

"The other one-half (½) of this my estate I Give, Devise and Bequeath to the FIRST NATIONAL BANK IN

DALLAS, DALLAS, Texas, or its successor, IN TRUST, without bond, for the benefit of the hereinafter named parties.

"It is my desire and I direct that in this connection, two-thirds (⅔) of this trust be used for the maintenance and medical care of my mother, MARY COLEMAN CLARKE, my sister, CLEO CLARKE SOWELL, and her husband, GEORGE P. SOWELL, for as long as they live, with the right to exhaust the same if need be. It is my desire and I direct that this portion of the trust estate shall include my house and lot at 224 Lisa Lane 'Kurtwood', Palestine, Texas, which is to be used by my mother and sister and her husband as their home for as long as they live.

"Should any of these beneficiaries request the Trustee to do so, monthly allowances from the trust shall be made for the benefit of my mother, MARY COLEMAN CLARKE, my sister, CLEO CLARKE SOWELL, and her husband, GEORGE P. SOWELL. This shall apply to their personal needs as well as to the maintenance of my home at 224 Lisa Lane 'Kurtwood', Palestine, Texas.

"At the death of all three of the aforementioned parties, the house and lot mentioned herein shall go to and be the sole property of my niece, LINDA HAWKINS, if she be then living, otherwise to the parties designated in her will as their property."

The will further provided that the trust estate therein established should be administered under certain terms and conditions, including the following:

"A. My Trustee shall use the income from the trust portions for the respective beneficiaries. If at any time and from time to time during the life of this trust, the income payments provided for herein plus income which the beneficiaries shall have from other sources, shall in the discretion of my Trustee be inadequate for the needs and comforts of such beneficiaries, my Trustee is authorized to pay out for the benefit of said beneficiaries so much of the principal of that trust portion as may be necessary for such purpose; and this without liability to any person interested directly or contingently as a beneficiary under this Will."

"F. * * * it is my wish and I direct that any of the beneficiaries of this trust who have reached their majority, may upon request to the Trustee each receive during any one year, five per cent (5%) of the principal of his interest in the trust estate, or the sum of $5,000.00, whichever is greater; and this right of withdrawal is not cumulative."

"J. Anything in this Will to the contrary notwithstanding, no trust created hereunder shall continue beyond twenty-one (21) years after the death of the last to die of those beneficiaries who were living at the time of my death; and upon the expiration of such period all trusts shall terminate and the assets thereof shall be distributed outright to such persons as are then entitled to the income therefrom and in the same proportions; but if no person is then entitled to a specific portion of income, then to the then living income beneficiaries, per stirpes."

Mary Coleman Clarke, mother of the testatrix, Cleo Clarke Sowell, sister of the testatrix, and her husband, George P. Sowell, and Linda Hawkins, niece of the testatrix, contend that the trust provision above quoted was a devise of a fee simple interest in said portion to them, and alternatively, that upon the death of the survivor of Mary Coleman Clarke, Cleo Clarke Sowell and George P. Sowell, the unabsorbed remainder would pass to Linda Hawkins.

Pemela Fraser Heins, the daughter of the testatrix, contends that Viola Fraser died intestate as to the remainder interest of the two-thirds of one-half of the trust created in the will, except as to the home known as 224 Lisa Lane "Kurtwood", Palestine, Texas.

The trial court entered its declaratory judgment wherein it was decreed that "under the terms of the Will of Viola C. Fraser, none of the said Mary Coleman Clarke, Cleo Clarke Sowell and George P. Sowell is, or shall become vested, with title or right of possession or right of testamentary disposition to the corpus of the two-thirds of one-half of the Estate placed in trust for their benefit under Paragraph III of said Will; nor is the said Linda Hawkins vested with any title or right of possession therein; that upon the death of the last to die of the said Mary Coleman Clarke, Cleo Clarke Sowell and George P. Sowell, the unabsorbed remainder, if any, of said portion of the Trust, shall vest as follows:

"The house and lot at 224 Lisa Lane 'Kurtwood', Palestine, Texas, in the said Linda Hawkins, if she be then living, otherwise to the parties, if any, designated in her Will to receive the same; and all the rest, remainder and residue of such unabsorbed remainder in the legal heirs of the said Viola C. Fraser, according to the statutes of descent and distribution then in force."

Mary Coleman Clarke, Cleo Clarke Sowell, and Linda Hawkins perfected their appeal from the judgment and, in two points of error, contend that the court erred in denying to them title, right of possession, or right of testamentary disposition in the corpus of the two-thirds of one-half of the estate placed in trust and holding that the remainder of the trust estate vested in the legal heirs of Viola C. Fraser. The essence of their contention is that there is a presumption of law that the gift of income from a fund without limitation and without disposition of the remainder will act to pass title to the fund itself. They argue that the benefits of the two-thirds of the one-half trust estate have been devised to them to the extent that, in effect, it amounts to a devise of the title to said trust portion in fee simple. In taking this position they concede that the limiting words of the trust "for as long as they live" would support the trial court's interpretation of the trust estate. However, they contend that when the will is viewed within its "four corners" that it becomes manifestly clear that they are entitled to receive more than just income, but are, as a practical matter, entitled to use the income and corpus of the estate so effectually that this constitutes a devise of the fee simple as far as the two-thirds portion is concerned.

Appellee Pemela Fraser Heins, in appropriate counterpoints, points to the limiting words "for as long as they live" and the entire absence of any disposition of the unabsorbed remainder of the two-thirds of the property left in trust, as supporting the trial court's interpretation that testatrix died intestate as to that part of the property.

■ A careful reading of the entire will in the light of the well established rules enumerated by us in Roberts v. Drake, 380 S.W.2d 657 (Tex.Civ.App., Dallas 1964, writ ref'd n. r. e.), impels us to the conclusion that the trial court rendered a correct interpretation of the legal effect of the questioned provisions of Mrs. Fraser's will. Her intention with reference to the disposition of her estate is made manifest and clear by the terms of the instrument itself. The will, and especially the trust provisions, are unambiguous. As to the two-thirds of the one-half of her estate placed in trust, including the real property in Palestine, Texas, she clearly wants this used to provide a home for maintenance and medical care for her mother, her sister, and her sister's husband, "for as long as they live." She wants this done even if the trustee is required to exhaust the trust estate if necessary to accomplish this pur-

pose. The beneficiaries of the trust are given the privilege of requesting the trust to set aside monthly allowances from the trust estate to "apply to their personal needs" as well as to the maintenance of the home in Palestine, Texas. Then, immediately she says "At the death of all three" beneficiaries of the trust the home in Palestine, Texas shall go to and be the sole property of her niece, Linda Hawkins, if she be then living, otherwise to the parties designated in her will as their property.

The obvious meaning of these words, as well as the words contained in the subordinate paragraphs, is that she wanted her mother, her sister, and her sister's husband, well cared for during their lifetime, even though it might exhaust the trust estate to do this. Nowhere in the entire will does she dispose of the unabsorbed remainder, if any, of that portion of the trust estate for the benefit of her mother, her sister, and her sister's husband, other than the home in Palestine, Texas. Under such circumstances we hold that as to the unabsorbed remainder of such trust estate Mrs. Fraser died intestate.

■ While it is true that a construction that results in partial intestacy is not favored in the law it is equally true that such rule must yield to a construction resulting in partial intestacy where the testator has failed, through design or otherwise, to make a complete disposition of his property. Haile v. Holtzclaw, 414 S.W.2d 916 (Tex. Sup.1967); Carr v. Rogers, 383 S.W.2d 383 (Tex.Sup.1964); Fain v. Fain, 335 S.W.2d 663 (Tex.Civ.App., Fort Worth 1960, writ ref'd); Casey v. Kelley, 185 S.W.2d 492 (Tex.Civ.App., Fort Worth 1945, writ ref'd); Banks v. Banks, 229 S.W.2d 99 (Tex.Civ.App., Austin 1950, writ ref'd n. r. e.).

In the case of Adams v. Masterson, 415 S.W.2d 535 (Tex.Civ.App., Dallas 1967, rehearing denied), the testator left certain bequests to several beneficiaries. In a subsequent codicil to the will the testator revoked several gifts but made no specific disposition of one or more shares which had been revoked. Contention was made that it was the intention of the testator to give the undisposed shares to named beneficiaries. Justice Bateman, speaking for the court, denied this contention, saying:

"* * * the testator expressed no such intention, and it is our view that rules of construction may not be employed by the courts to make a disposition which is not included in the will, for 'this would amount to ascertaining the testator's intention from what he failed to say rather than from what he did say' ".

As to partial intestacy Justice Bateman said:

"A testator may leave his property to whomever he chooses, wholly without regard to the laws of descent and distribution; but he cannot *repeal* those laws. The only way he can avoid the effect thereof and disinherit an heir is by actually giving the property in question to another."

Viola C. Fraser gave her mother, her sister, and her sister's husband, a life estate in the portion of her property placed in trust for that purpose. The words of limitation "for as long as they live" create a life estate in the property. 37 Tex.Jur.2d, § 1, p. 4, and § 5, p. 11. She therefore died intestate as to the said unabsorbed remainder, except the home in Palestine, Texas, so that when she died that portion of her estate immediately vested in Pemela Fraser Heins, her sole heir at law. Texas Probate Code, Section 37, V.A.T.S.; Restatement of the Law of Trusts, § 128, paragraph b.

Appellants place reliance in support of their position on our opinion in Atkinson v. Kettler, 372 S.W.2d 704 (Tex.Civ.App., Dallas 1963, affirmed Tex., 383 S.W.2d 557). An examination of the trust provisions in Atkinson v. Kettler discloses a clear distinction from the will and trust provisions now under consideration. There the trust was not confined for any period

**866**

of time but unlimited in its terms. Here the trust was specifically limited to the lifetime of the beneficiaries named.

The provisions of Paragraph J. of the will, copied above, cannot be used to support appellants' position that they take fee title to the two-thirds portion of the trust estate. This paragraph contains the usual language designed to prevent the violation of the rule against perpetuities and specifically requires vesting twenty-one years after the death of the last to die of those beneficiaries who were living at the time of the testatrix's death.

Appellants' points of error are overruled and the judgment of the trial court is affirmed.