**Charles B. RENAUD, Jane Ellen Renaud Pulliam, Sara Renaud Pulliam, David J. Renaud, C. Louis Renaud and Christopher Philip Renaud, Appellants,**

v.

**Sara B. RENAUD and Texas American Bank/Fort Worth, Trustee, Appellees.**

No. 2–85–117–CV.

Court of Appeals of Texas, Fort Worth.

April 30, 1986.

Garrett & Settle and Rufus S. Garrett, Jr., Fort Worth, for appellant Charles B. Renaud.

Stuart Johnston and Associates and Hal Hughes, Dallas, for appellants Jane Ellen Renaud Pulliam, Sara Renaud Pulliam, David J. Renaud, C. Louis Renaud and Christopher Philip Renaud.

Barlow & Garsek and James B. Barlow and Sandra K. Houston, Simon, Anisman, Doby, Wilson & Skillern and Richard S.

Tucker, Fort Worth, for appellee Sara B. Renaud.

Before HILL, HOPKINS and ASHWORTH (Retired, Sitting by Assignment), JJ.

OPINION

HILL, Justice.

The son and grandchildren of Charles L. Renaud appeal from a judgment construing the will of Charles L. Renaud in such a way that the entire trust estate of a trust established under the will should go to Sara B. Renaud, the testator's daughter, who is also the sister and aunt of the appellants. Trial was to the court. The grandchildren present three points of error and the son, Charles B. Renaud, presents four points of error.

We reverse and remand, because we find that the will expresses no intention of the testator as to the appropriate disposition of the assets of the trust estate in the event of Sara B. Renaud, his daughter, surviving beyond December 20, 1983, so the trust estate passes by intestacy.

The grandchildren urge by points of error two and three that the trial court erred in implying an intention on the part of their grandfather that his daughter, Sara, was to receive the principal of the trust estate upon termination of the trust, and that the trial court erred in dismissing their cause of action against the trustee, Texas American Bank/Fort Worth. In four points of error, Charles B. Renaud presents the same errors of which the grandchildren complain, except that he complains of the trial court's action dismissing *his* cause of action against the bank.

■ All rules of will construction must yield to the basic intention and purpose of the testator as reflected by the entire instrument. *Shriner's Hospital v. Stahl*, 610 S.W.2d 147, 151 (Tex.1980). In construing a will, the court must ascertain the testator's intent from within the four corners of the will. *Id.* at 151; *Farah v. First Nat. Bank of Fort Worth*, 624 S.W.2d 341,

345 (Tex.App.—Fort Worth 1981, writ ref'd n.r.e.). Neither the trial nor appellate courts have authority to redraft a will to conform it to the court's perception of the testator's unexpressed intent. *Farah*, 624 S.W.2d at 345. There is a strong presumption against intestacy when the party has executed a will. *Carr v. Rogers*, 383 S.W.2d 383, 384 (Tex.1964); *Hinzie v. Hinzie*, 45 Tex.Civ.App. 297, 100 S.W. 803, 804 (1907, no writ). However strong such presumption might be, it does not authorize the court to make a new will. *Farah*, 624 S.W.2d at 347. The rule against intestacy must yield when the testator has failed, through design or otherwise, to make a complete disposition of his property. *Haile v. Holtzclaw*, 414 S.W.2d 916, 922 (Tex. 1967). When a residuary clause fails, whether in whole or in part, the property as to which it fails passes by intestacy, under the law of descent and distribution. *Farah*, 624 S.W.2d at 347.

■ The will's provisions as to the trust in question are as follows:

All of the rest and residue of my estate remaining after the share of my sister (or her son) has been delivered to her (or to him), I give, devise, and bequeath unto The Fort Worth National Bank of Fort Worth, Texas, as Trustee for the use and benefit of my wife, Mary Louise Renaud, my daughter, Sara B. Renaud, and the children of my son, Charles B. Renaud, for the purposes set out below and under the following terms and conditions:

(a) The Trustee shall hold, manage, invest, reinvest, sell, and exchange such property in any manner it may deem best for the beneficiaries, in accordance with the provisions of the Texas Trust Act and all amendments thereto now in force. It may retain any asset (except those specifically bequeathed or devised) that it may find in my estate, either at the time of my death or at the close of the administration of my estate, and it shall not be limited to investments prescribed by the Texas Trust Act, but may invest or reinvest the assets in any kind of property,

as it may deem best. This subsection (a) shall apply to the three trust accounts provided for below.

(b) Out of the net income from the trust estate, or from the corpus thereof, if it be necessary, the Trustee shall pay to my wife, Mary Louise Renaud, Six Thousand Dollars ($6,000.00) per year, or one-sixth of the net income from the trust estate, whichever sum is the greater. The Trustee shall at the end of the income tax year make a determination of what the net income is for the income tax year as selected by the Trustee. The payments to Mary Louise Renaud shall be made in convenient installments, monthly if possible. The Trustee's determination as to which sum is greater (the $6,000.00 per year or the ⅙th of the net income) shall be conclusive, and it may be that the payments will flucuate from time to time. Such payments shall be made to Mary Louise Renaud so long as she may live.

(c) Out of the remainder of the net income from the trust estate (that is, five-sixths (⅚ths), or less if the Six Thousand Dollars ($6,000.00) per year minimum for my wife exceeds one-sixth (⅙th),) if there be any, the Trustee shall set up two trust accounts: One-fifth (⅕th) of such balance of the income shall be held in a separate trust account for the use and benefit of the children of my son, Charles B. Renaud, and the remaining four-fifths (⅘ths) thereof shall be put in a separate trust account for the benefit of my daughter, Sara B. Renaud.

(d) The portion held for the benefit of the children of my son, Charles B. Renaud, shall be disbursed first out of income, but if necessary out of principal, as the Trustee, in its judgment, may think proper, for their education. By "education" is meant attendance at a boarding school away from home, a college or university course, a postgraduate or professional course, or training in the fine arts. The discretion of the Trustee with respect to whether a given course qualifies for support from the Trust and the amounts to be disbursed shall be final. So long as their parents, or either of them, are able to support the children until the time comes for the commencement of a child's education, as defined herein, the income shall be accumulated in a separate account for their benefit. The amounts disbursed for education shall not necessarily be the same for each child, but shall be fixed as a parent would, having regard to the varying needs and capacities of the children. When the education of one of the children is completed, or should, in the Trustee's opinion, be completed, he shall no longer be entitled to payments from the fund. The Trustee may invest any accumulations of income for the children of Charles B. Renaud as it may think best.

(e) From the separate trust account for the use and benefit of my daughter, Sara B. Renaud, the Trustee shall disburse to her adequate payments for her support and maintenance, first out of income, but if necessary out of principal. In determining whether such payments shall be made, and in deciding upon the amounts, the Trustee shall take into consideration that my daughter is the beneficiary of a trust created by an agreement dated June, 1961, terminating June 15, 1971, of which I am the Trustee, and The Fort Worth National Bank is the Successor Trustee. Recourse shall first be made to the income from that trust for my daughter's support and maintenance. If the income from the trust dated June, 1961, and other income or sources available to her, such as her husband's income, should be adequate for her support and maintenance, so that she does not require, in the Trustee's opinion, all of the net income from the funds made available to her, the Trustee shall accumulate (and may invest) any income not so required.

(f) The trust account (including accumulations) held for the education of the children of Charles B. Renaud shall be held in trust until the twenty-fourth (24th) birthday of my grandchild, Chris-

topher Renaud, who is one of the children of Charles B. Renaud. If Christopher dies before reaching his 24th birthday, the Trustee may terminate and distribute the trust account when, in its sole opinion, the education of the children of Charles B. Renaud has been or should have been completed. At the termination date, the trust account shall be distributed equally, free of any trust, to the children of Charles B. Renaud then living. If, at the time of termination, any child of Charles B. Renaud should have died leaving a child or children surviving, the child or children shall take the share the parent would have taken if living.

(g) This trust, as regards the shares of my wife, Mary Louise Renaud, and my daughter, Sara B. Renaud, shall last so long as Mary Louise Renaud lives, except that, if Mary Louise Renaud dies before December 20, 1983, the trust as to the share of Sara B. Renaud (which will then include the remainder of the share of Mary Louise Renaud) shall last until December 20, 1983, if Sara B. Renaud lives until that date.

(h) If Sara B. Renaud dies before December 20, 1983, her share (including the share of Mary Louise Renaud if Mary Louise Renaud dies before Sara B. Renaud dies) shall continue to be held in trust, for a period of twenty-one (21) years after her death, for the benefit of any children she may leave surviving her, and for the benefit of the children of Charles B. Renaud. The Trustee may pay out such portions of the net income, or if necessary the principal, for the education and support of my grandchildren, not necessarily equally, but as a parent would, having regard to other sources of income and support available, and having regard to the needs, educational requirements, capacities, diligence at school or college, and manner of living. The discretion of the Trustee as to the amounts and times of disbursements shall be final. On the twenty-first (21st) anniversary of the death of my daughter, Sara B. Renaud (assuming that she died prior

to December 20, 1983, and assuming that Mary Louise Renaud shall have died prior to such twenty-first (21st) anniversary), the trust shall terminate, and anything left shall be distributed to my grandchildren, equally, or their descendants, per stirpes.

If my daughter dies before December 20, 1983, and if Mary Louise Renaud is dead, if the trust estate should, in the sole discretion of the Trustee, be so small as to make it impractical to continue to administer the trust, the Trustee may distribute the entire balance on hand to my grandchildren, equally, or their descendants, per stirpes, at a date earlier than that fixed above.

The will makes no provision as to the disposition of the trust estate in the event that the testator's daughter, Sara B. Renaud, were to survive beyond December 20, 1983. Since Sara did survive beyond December 20, 1983, and since the will made no provision for that event, we hold that the proceeds of the trust estate must pass by intestacy, under the law of descent and distribution.

The will is not ambiguous. Mr. Renaud simply failed to make a provision for the eventuality of his daughter surviving past December 20, 1983, even though that was probably the most likely eventuality. A careful reading of the will affords no basis for implying an intent on the part of the testator that his daughter receive the corpus of the trust upon its termination any more than we might imply an intention that she share it with some of the other beneficiaries under the will. *See In re Bellamore's Will*, 17 App.Div. 372, 235 N.Y.S.2d 348 (1962).

In reading the will, we are able to determine that the testator intended for the residue of his estate to benefit his wife, his daughter, and his grandchildren who are his son's children. We know that in the event his wife and daughter died before the trust terminated, he intended for the grandchildren ultimately to receive the trust corpus. We do not know what he intended to do with it, nor is there any

language in the will from which we may necessarily imply what he intended to do with it, in the event that his daughter was living at the time of the trust's termination.

Appellee Sara urges that for her brother, Charles, to inherit one-half of the estate would be contrary to the testator's intent as expressed by the will. Sara refers to the testator's reference, in the paragraph in which he devises $20,000 to his son, Charles, that he had made substantial gifts to Charles in the past. Even if Sara is right as to what the testator did not intend, we are still left unable to determine from the will itself what the testator did intend.

Appellee Sara further urges that the result which we have reached requires a determination that her father did not intend to make any further provision for her after December 20, 1983. Our problem is simply that we do not know if, how, or to what extent her father wished to benefit her beyond that point. Although she relies heavily on the fact that her father had made provisions for her brother in the past, she seems to overlook the fact that her father had made a relatively equitable provision for her at the same time. The fact that her father had made such provision in the past belies any assertion on her part that the record established that she was more in need of help than anyone else. The evidence at trial established that appellee Sara received no college degree and had no paying job. It did not establish whether her needs or income were greater or lesser than any other possible beneficiary.

In support of her contention that the testator intended for her to be the sole beneficiary of the corpus of the trust estate, appellee Sara relies on the case of *Chambers v. Warren*, 657 S.W.2d 3 (Tex. App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.). In *Chambers* the testator had made no provision for the disposition of her property in the event that her husband predeceased her other than in a simultaneous accident or calamity. However, she did express her intention to leave her property to her stepchildren if her husband died simultaneously or survived her. The Court

of Appeals held that this constituted a clear expression of her intent, from the four corners of the will, that her stepchildren were to take under the will if her husband predeceased her, the only possibility not mentioned. In the case at bar, it is the grandchildren, not Sara, Mr. Renaud's daughter, who are to receive the distribution of the trust estate under the possibilities that are mentioned in the will.

Appellee Sara also relies on the case of *Hinzie v. Hinzie*, 100 S.W. at 803. In that case the court held that the presumption against intestacy would require that a wife who had received a life estate to real property under her deceased husband's will would receive the remainder under the provision of the general residuary clause of the will. Since the residuary clause in Mr. Renaud's will passed the remainder of his estate to the trust in question, and not to appellee Sara or any other individual, we do not find the case to be relevant to the question before us.

Appellee Sara cites to us the case of *Woods v. Wedgeworth*, 453 S.W.2d 385 (Tex.Civ.App.—El Paso 1970, no writ), in arguing that the presumption against intestacy can be overcome only when an intention to allow part of the estate to pass by intestate succession is plain and unambiguous. The *Wedgeworth* court in turn cited the case of *Hinzie* as authority. A further examination of *Hinzie* reveals that the court intended for this rule only to be applicable when a reasonable interpretation of the language of the will can be arrived at which will include the disposition of all of the testator's estate. As previously noted, the will in the case at bar does not make any provision for the trust corpus nor are we able to necessarily imply such a provision.

Appellee Sara likens this case to those cases discussing remainders by implication. The rule is stated under section 272 of the Restatement of Property as follows:

When property is limited by an otherwise effective conveyance "to B for life, and if B dies without issue, then to C," or by other words of similar import, then,

unless a contrary intent of the conveyor is found from additional language or circumstances, an inference is required that the conveyor has limited an interest in favor of the issue of B, in the event that B dies survived by issue.

RESTATEMENT OF PROPERTY sec. 272 (1940). The rule by its terms has no application to the facts at bar, since appellee Sara never had a life estate. Appellee seeks to expand the terms of the doctrine to fit the facts before us. We decline to do so.

Finally, appellee Sara relies on the 1852 New Jersey case of *Holton and Huckley ads. White and Wife*, 23 N.J.L. 330 (1852). In that case, the testator devised his plantation to his son, Eli, subject to it first being leased for 31 years for the payment of debts and legacies. The will further provided that a nearby tract of land called Oak Island was to go to his son, Andrew, if Eli died within the 31 years. Eli did not die within the 31 years. The testator had other children besides Eli and Andrew. Under those facts, the court implied that the testator intended for Eli to receive Oak Island. We do not find the facts to be analogous to those in this case. Before reaching its conclusion, the court in *Holton* announced that when implications are allowed, they must be such as are necessary, or at least highly probable, and not merely a possible implication. *Id.* at 334. The court quoted a treatise to the effect that "an heir can only be disinherited by express devise or necessary implication, so strong that a contrary intention cannot be supposed." *Id.* The court went on to say that "[t]he general policy of the law and the leaning of courts is against the doctrine of implied estates under devises in wills, and has tended rather to limit than extend it." *Id.* In applying these rules to our facts, we have found that the implication sought by appellee Sara, that she be the sole beneficiary of the trust estate, is not a necessary or highly probable implication from the words of the will in question.

Appellee Sara places great reliance on the fact that in a previous will the testator had provided for a distribution of a portion of the corpus to the grandchildren upon the termination of their trust, and the fact that the will in question does not contain such a provision. The appellants question whether or not we may consider such extraneous evidence in view of the fact that the will in question is not ambiguous. In any event, we do not find that this additional fact would result in a necessary implication that Sara was intended by the testator to receive all of the corpus of the trust upon her survival to December 20, 1983, although it might give rise to the idea that the testator did not want his grandchildren to receive one-sixth of the corpus of the trust at the time the trust terminated. We also know that he never at any time indicated that his daughter Sara should receive any of the corpus of the trust at the time her trust terminated. By omitting the provision in question, the testator merely succeeded in placing the grandchildren in the same position as Sara—former beneficiaries of a terminated trust, with no direction as to whom the corpus is to be distributed. If the residuary of the estate were devised to an individual, there would be no problem. The difficulty is that under the will's residuary clause, the residuary of the estate was devised to the bank as trustee. Since the trust has terminated, there is no one to take the corpus under the residuary clause.

We sustain the grandchildren's points of error numbers two and three and sustain Charles B. Renaud's points of error numbers one through four.

In view of our disposition of those grounds of error, we need not consider the grandchildren's remaining point of error.

We reverse and remand for further proceedings consistent with this opinion.