Mary Louise **HARRINGTON, Individually and as Independent Executrix and Trustee of the Estates of Carrie W. Walker and Charlie A. Walker, Sr., Both Deceased, Appellant,**

v.

**Virginia D. WALKER, Individually and as Independent Executrix of the Estate of Charlie A. Walker, Jr., Deceased, Appellee.**

No. 2–91–111–CV.

Court of Appeals of Texas, Fort Worth.

May 20, 1992.

Rehearing Overruled June 23, 1992.

Haynes and Boone, David E. Keltner, Thompson & Knight, and R. Gordon Appleman, Fort Worth, Kerr, Fitz–Gerald & Kerr, and Ted M. Kerr, Midland, for appellant.

Allen & Isbell, Jacqueline W. Allen, James H. Isbell, Midland, for appellee.

Before WEAVER, C.J., and FARRIS and LATTIMORE, JJ.

## OPINION

FARRIS, Justice.

The appellant, Mary Louise Harrington, appeals a summary judgment construing the wills of her deceased parents, Carrie W. Walker and Charlie A. Walker, Sr. The trial court held that a portion of the Walkers' estate had passed by intestacy because their wills did not dispose of the remainder of the assets of a trust contained in each.

Charlie Walker, Sr. died in 1979 and Carrie Walker died in 1984. They were survived by their children, Harrington and Charlie Walker, Jr. (Junior) and by Harrington's two children, both of whom were born before the wills were executed. Junior had no children and died in 1988 leaving his entire estate to his wife, the appellee, Virginia Walker. Both Walker wills left property in trust for Junior's benefit. The issue on appeal is who is entitled to the trust assets remaining after Junior's death. Harrington argues that under her parents' wills, she inherited the remainder of the trust assets; while in a cross-point Virginia Walker contends the wills vested the remainder in her husband and that she inherited under his will. We hold the trial court correctly concluded that the remainder of assets left from the trust for Junior's benefit passed by intestacy. We overrule Harrington's points of error, Virginia Walker's cross-point, and affirm the trial court's judgment.

The Walker wills mirrored each other. Both wills left the residence and personal effects to the testator's spouse, if living, otherwise to Harrington. Both wills left the balance of the testator's estate in trust for the benefit of the survivor with the remainder in trust for the benefit of the testator's children living at the survivor's death. "Children" was defined in the will to include the Walkers' children and grandchildren, excluding any lineal descendants of Junior.[1]

The wills provided that the trusts created for the benefit of the testator's spouse and Junior continued for the beneficiary's lifetime while any other trust ended and its assets were paid to its beneficiary when the beneficiary became twenty-one.

The wills contained a residuary clause that was expressly not applicable to the trust for Junior's benefit.

The wills provided that "if" any beneficiary of the estate became entitled to re-

---

1. As used in this will, "children" means and includes all children now or hereafter born, and means and includes all children now or hereafter legally adopted, and if any such child, whether natural born or legally adopted, shall not be living but shall have then living children, such term means and includes the then living children of such deceased child, whether natural born or legally adopted, by representation; provided, however, that the term "children" in this will shall never mean or include children or other lineal descendants of Charlie A. Walker, Jr.

ceive an additional share because of the death of a trust beneficiary, that additional share would be added to the share held in trust for the living beneficiary or distributed to the living beneficiary if over the age of twenty-one.

In a separate paragraph, the wills provided that upon termination of any trust the assets would be distributed to the beneficiary entitled to receive it without identifying any such beneficiaries.

In still another paragraph, both wills provided that all trusts would terminate not later than twenty-one years after the death of both Walkers and their children who were living at the testator's death.

In summary it is obvious from their wills that the Walkers intended to dispose of their entire estate by will, but their wills did not dispose of the trust assets remaining when Junior died.

Each party argues the will provisions can be harmonized in a way to conclusively establish that she is entitled to the assets remaining from Junior's trust. Harrington also argues that, as a matter of law, it was error for the court to summarily conclude there was a partial intestacy because she produced summary judgment proof, the affidavit of the attorney who drafted the wills, that the Walkers expressed their intent that upon Junior's death she should receive any remaining assets of his trust. We overrule all of these arguments because the wills do not provide for the disposition of the remainder as argued by either party and there is not an ambiguity in the wills which would permit the court to consider extraneous evidence of the testator's intent.

■ There are many cases stating the general rule that there is a strong presumption against partial intestacy when one has executed a will, but that the presumption must yield when the testator, through design or otherwise, has failed to dispose of his entire estate. *See, e.g., Haile v. Holtzclaw*, 414 S.W.2d 916, 922 (Tex.1967); *Huffman v. Huffman*, 161

Tex. 267, 339 S.W.2d 885 (1960); *Renaud v. Renaud*, 707 S.W.2d 750, 751 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.); *Sowell v. Heins*, 466 S.W.2d 862, 865 (Tex.Civ. App.—Dallas 1971, writ ref'd n.r.e.); *Fain v. Fain*, 335 S.W.2d 663, 664 (Tex.Civ. App.—Fort Worth 1960, writ ref'd). The arguments of both parties that we can apply rules of construction to determine a testamentary disposition of the remaining trust assets fail because the Walkers did not include in their wills any language which can be construed to dispose of the contested remainder.

Harrington argues the Walkers identified a limited class of beneficiaries, their children, as defined by the will and thus Virginia Walker could never be an intended heir. This argument fails because, although the wills defined "children," they did not limit who could be a beneficiary or equate beneficiary with children. Further, there was nothing in the wills that can be construed as an attempt to identify the "children" to be the beneficiaries of the residue of Junior's trust.

Harrington also argues the wills directed that upon Junior's death, the residue of his trust was to be delivered to the "other beneficiary" and, by definition, she was the only remaining beneficiary. This argument, like the first, fails because it is based upon an unsupported assumption that the wills provided a limiting definition of "beneficiary." Further, the wills did not include a residuary clause that applied to the termination of Junior's trust. There is only a paragraph that provides for the manner of distributing any trust residue remaining after the death of a trust beneficiary "if" there is another beneficiary then entitled to an additional share of the testator's estate.

In addition, Harrington argues that the testators intended that she be the beneficiary of the disputed remainder was implied in their excluding Junior from management of the estate,[2] subjecting his inheritance to a lifetime spendthrift trust, and defining "children" to exclude his de-

---

2. The testators appointed Harrington as independent executrix of the wills and trustee of the

trusts, and appointed a bank to serve in her stead if she failed to serve in either capacity.

scendants. This argument fails because, absent some language bequeathing her the remainder of Junior's trust, we cannot infer such an intent from what the testators did not intend. *See Renaud,* 707 S.W.2d at 754.

Virginia Walker's argument in her cross-point fares no better. She contends language in the paragraph following the specific bequests of residence and personal effects vested the remainder after the termination of trusts in its beneficiary.[3] She contends this must be so because the words, "share and share alike," gave a like estate, subject only to trusts of different duration, to both Harrington and Junior. Her argument fails because the paragraph upon which she relies served only to direct that upon the death of the surviving Walker, the remainder would be held in trust, on a per stirpes basis, for the benefit of the Walkers' "children," and it ignores subsequent language throughout the wills which demonstrated the testators clearly intended to leave dissimilar bequests to their son and daughter.

■ We overrule Harrington's argument that summary judgment was error because a fact question was raised by extrinsic evidence, the attorney's affidavit. Extrinsic evidence of a testator's intent at the time he executes his will, while admissible to explain an ambiguity existing in the will, is not admissible to supply an omitted bequest. *See Farah v. First Nat'l Bank of Fort Worth,* 624 S.W.2d 341, 346 (Tex. App.—Fort Worth 1981, writ ref'd n.r.e.). Although the Walkers intended to bequeath their entire estate, they failed to do so, and their wills contain no language which can be deemed to have been intended for that purpose.

We overrule all points of error and affirm the trial court's judgment.

---

3. The paragraph following the specific bequests gave the remainder of testator's estate in trust for the benefit of the surviving spouse, for life, "with the remainder for the use and benefit of my children who shall be living at the date of the death of the survivor of my [spouse] and myself, share and share alike according to the principles of representation."