Una Mae HENNEKE et vir, Appellants,

v.

Mrs. Agnes Julia ANDREAS, Appellee.

No. 11854.

Court of Civil Appeals of Texas, Austin.

Nov. 3, 1971.

Rehearing Denied Dec. 1, 1971.

Samuel H. Peak, Seabrook, Marburger & · Marburger, John C. Marburger, La Grange, for appellants.

Wandel & Bousquet, Thomas G. Bousquet, R. D. McPherson, Houston, for appellee.

SHANNON, Justice.

Appellee, Mrs. Agnes Julia Andreas, filed a declaratory judgment suit in the

District Court of Fayette County seeking the construction of a joint will and codicil executed by herself and her deceased husband in order to clear title to a 158½ acre farm in which appellants, Una Mae Henneke and husband, George W. Henneke, claim an interest. Both appellee and appellants filed motions for summary judgment, and the District Court granted appellee's motion and denied appellants'.

Mrs. Andreas and her deceased husband, Joe A. Andreas, owned and lived on a 158½ acre farm in Fayette County. They had three children, among whom was Emma Andreas Krenek. For some years Emma and her husband, Frank, lived with the Andreases and helped run the farm. The Kreneks had a child, Una Mae, who spent her childhood with her parents on the Andreas' farm.

On November 26, 1951, the Andreases executed a joint will, the pertinent parts of which follow.

"III

We, and each of us, give and bequeath to the survivor of us, all of our property, both real and personal, of every kind and nature whatsoever of which we may die seized and possessed. * * *

IV

* * * We, and each of us, further grant unto the survivor of us such power and authority to mortgage, sell or in any way encumber or dispose of our said estate or any part thereof at such times, for such purposes and upon such terms and conditions as said survivor may wish, it being our desire and we hereby direct that said survivor shall have full power and authority to handle or dispose of our said estate in any way the survivor may see fit. * * *

VI

We, and each of us, give and bequeath, upon the death of the survivor of us, all of our property of every description, real, personal or mixed, which the survivor shall own at the time of his or her death in equal portions to our children, Frank Fred Andreas, Emma Krenek, now the wife of Frank Krenek and Viley Richter, now the wife of Louis Richter."

Una Mae continued to live on her grandparents' farm, and increasingly did more of their farm work and chores. When Una Mae married George W. Henneke in 1959, they moved to Fayetteville, but continued to visit and do much of the work on the Andreas farm.

In April, 1963, the Andreases asked Una Mae to take them to the office of an attorney in La Grange where they instructed the attorney to prepare the following codicil.

"WHEREAS, WE, Joe Andreas and wife, Agnes Andreas, have heretofore made our joint last will and testament bearing date the *26th* day of *November, 1951.*

Now we do by this instrument, which we hereby declare to be a codicil thereto to be taken as a part thereof, do hereby, *after the death of the survivor of us,* grant to George W. Henneke and wife, Una Mae Henneke, or the survivor of them, the option to purchase our farm, consisting of approximately 157½ acres, being fully described in that deed dated April 23, 1921, from Friederich Andreas, et ux, to Joe Andreas, recorded in Volume 114, pages 268 and 269, Deed Records of Fayette County, Texas, together with about one acre bought from Joe Munsch as an entrance to the Highway for the total price of Twenty Five Thousand and no/100 Dollars ($25,000.-00)." (Emphasis added)

Mr. Andreas died on November 11, 1965. Shortly thereafterwards the will and codicil were admitted to probate, and Mrs. Andreas qualified as Independent Executrix and sold some of the property not at issue here.

After her husband's death, Mrs. Andreas went to live with the Hennekes who had moved to Houston. She remained in Houston with the Hennekes until Una Mae's illness made it impractical to stay longer, and she then went to live with her son. Thereafterwards when Mrs. Andreas attempted to sell the farm, the title question arose.

The District Court found that the will and codicil conferred upon Mrs. Andreas the right during her lifetime to sell the farm without restriction, and that the option to purchase given to the Hennekes by the codicil terminates upon sale of the farm by Mrs. Andreas.

Appellants urge six points of error in this Court, the first being that the joint codicil "granted" an unconditional and unequivocal option to appellants. Appellants' next three points are in essence that the option in the codicil revoked the power of sale of the survivor contained in the will. The fifth point is that because appellee probated the will and codicil and accepted benefits thereunder, she is now estopped to deny the option. Appellants' sixth point is that since the will and codicil were "joint and mutual" and contractual, appellee cannot "destroy" the option by selling the farm.

■■ Under point one appellants claim that because the word "grant" was used in the codicil, that the Andreases by the codicil passed some character of estate to appellants to that appellee could not convey fee title during her lifetime. We overrule this point for the reason that title does not vest in an optionee until the option is exercised. 6 Page on Wills (1962 ed.) sec. 59.2, p. 381; 44 A.L.R.2d 1214; 96 C.J.S. Wills § 1104.

■ Basically, appellants' next four points raise the question of whether the option given appellants in the codicil revoked the power of sale given the appellee in the joint will. We hold that it did not.

■ It is axiomatic that the primary concern of the court in will construction is the determination of the testator's intent. Philleo v. Holliday, 24 Tex. 38 (1859). The rules of construction are to serve that end. If, however, there is no ambiguity the rules of construction are not employed since it is said that the will "speaks for itself." See Chadwick v. Bristow, 146 Tex. 481, 208 S.W.2d 888 (1948). Likewise, if there is no ambiguity parol evidence is not admissible to aid in construction of the will. Whaley v. Quillin, 153 S.W.2d 969 (Tex.Civ.App.1941, writ ref'd).

We hold that the provisions of the will and codicil in this case do not conflict and their meaning is clear and unambiguous. The Andreases wished to make it possible that the survivor of them have the farm, and should the need arise, have the power to sell. Should the survivor not need or choose to sell, then upon the survivor's death, their granddaughter and her husband would have an option to purchase the farm at a price below market.

■ An examination of the language of the will and codicil supports the above holding. Paragraph IV of the will provides that the survivor may sell the entire estate or any part. The codicil specifically refers to the pre-existing will, and declares that the codicil "be taken as a part" of that will. The codicil gives appellants "* * * after the death of the survivor of us," an option to purchase the farm for $25,000.00. Until the death of the survivor the appellants had nothing since title in the farm would not vest in them until they exercised the option. Furthermore, the codicil made no mention of the power of sale in the will. A power of sale expressly given in a will is not revoked by a codicil which is silent on the subject. Laborde v. First State Bank & Trust Co., 101 S.W.2d 389 (Tex.Civ.App.1937, writ ref'd).

Because of our interpretation of the will and codicil, it is not necessary to pass upon appellants' sixth point of error concerning

whether the will and codicil were contractual, since under our holding, the power of sale in the will permitted appellee to sell the farm.

The judgment is affirmed.

Affirmed.