Beatrice HAYES, Appellant,

v.

Sam SNODDY, Independent Executor of the Estate of Gladys I. Kerr, Deceased, Appellee.

No. 6801.

Court of Civil Appeals of Texas, El Paso.

June 13, 1979.

Jay L. Nye, El Paso, for appellant.

Diamond, Rash, Leslie & Smith, Donald S. Leslie, Malone & Snoddy, Orba Lee Malone, Robert B. Lyons, El Paso, for appellee.

## OPINION

PRESLAR, Chief Justice.

This is a declaratory judgment suit to construe a provision in a Will, and the sole question is the sufficiency of the evidence to support a trial Court finding that certain property increased in value by more than 25% since the making of the Will. We affirm the judgment of the trial Court.

The Testatrix, Gladys Kerr, by her Will directed her Independent Executor to sell to Beatrice Hayes under a Contract of Sale certain property described as 8045 and 8053 Alameda Avenue in the City of El Paso, Texas, also legally described as Ayr Lawn Subdivision, Tracts 5 and 6, El Paso, El Paso County, Texas. The Will then provided:

> Said property is to be sold on the following terms: The total price for the property is $25,000.00, and in the event that the property has appreciated in value by more than 25% it is to be sold at the fair market value.

The Will then outlined the terms of the sale, and provided that Mrs. Hayes would have thirty days to complete the transaction and in the event that she didn't, it would then be offered to another friend on the same terms and conditions; and if that friend failed to complete the transaction, then the property would revert to the Estate of the Testatrix.

Mrs. Hayes, Appellant, brought this action for a construction of the Will contending that she is entitled to purchase the property for the amount of $25,000.00 under the terms of the Will for the reason that the property had not appreciated in value by more than 25%. The Court, sitting without a jury, found that the land had appreciated over 25%, and that fair market value at the time of the Testatrix' death was $52,500.00. Appellant questions that finding.

Appellant argues that price and value are not the same thing, and cites many examples and authorities for such examples. She reasons that the evidence is not sufficient to show more than 25% increase in value because its value at the time of the making of the Will was not necessarily the same as the $25,000.00 "price." The trial Court's construction of the Will is that the intent of the Testatrix was that the 25% increase was to be above the $25,000.00. This construction of the Will by the trial Court is from the terms of the Will itself. The trial Court has construed the Will to give Appellant the option to purchase for $25,000.00, and that that was the base figure from which the increase in value was to be calculated. Whether we call that base figure the "price" or "value," it appears to be the intent of the Testatrix; that the 25% was to be calculated based on that figure of $25,000.00. The trial Court has so construed it, and there is nothing in the Will to indicate otherwise. The Will is not ambiguous; it speaks for itself. *Chadwick v. Bristow*, 146 Tex. 481, 208 S.W.2d 888 (1948); *Henneke v. Andreas*, 473 S.W.2d 221 (Tex. Civ.App.–Austin 1971, writ ref'd n. r. e.).

The Appellant's sole point of error is that there is no evidence and insufficient evidence to sustain the trial Court's finding that the property had increased in value by more than 25%. With $25,000.00 as the base figure, there is no question but that the evidence sustains the trial Court's finding of 25% increase which would amount to a new value of $31,250.00, and no appraiser or witness placed a market value below that figure. Lonnie Skiff, an independent appraiser employed by the Executor of the Estate, testified that the land value was $52,500.00; Dennis Wagner, an appraiser employed by the Appellant, valued the land at $47,000.00; Frank Attaguile, a realtor, obtained two offers for the real estate of $56,000.00 and $50,000.00. Thus, there is ample evidence to support the trial Court's finding that the value of the property had increased by more than 25%.

The judgment of the trial Court is affirmed.