Dorothy M. SILVERTHORN, Appellant,

v.

Doris E. JENNINGS and Lawrence
Joseph Jennings, Appellees.

No. 9265.

Court of Civil Appeals of Texas,
Amarillo.

Aug. 19, 1981.

Rehearing Denied Sept. 9, 1981.

Gordon Treadway, Lubbock, for appellant.

John J. C. O'Shea, Lubbock, for appellees.

COUNTISS, Justice.

This is a dispute between sisters over the meaning of their mother's will. We agree with the trial court's interpretation of the will, and affirm.

Edna Edith Parteli was the mother of appellant Dorothy M. Silverthorn (hereafter "Dorothy") and appellee Doris E. Jennings (hereafter "Doris").[1] Mrs. Parteli died on November 28, 1977. Dorothy and Doris are the only beneficiaries under her last will and testament, dated December 5, 1976 and admitted to probate on February 22, 1978. The portions of Mrs. Parteli's will pertinent to this case read as follows:

"SECOND: I give and bequeath to my beloved daughter, MRS. DOROTHY M. SILVERTHORNE, the following items that are presently in her possession: 3006 Remington shot gun, serial no. 3090335; 12 gauge Winchester shot gun, serial no. 884659 with cleaning kit and case, 22 caliber Remington long rifle, model 41P; Daisy B B gun; one glass specimen case for minerals and contents thereof; one glass cake dish with lid; one old camera; one set of binoculars. *Further I give to my daughter, MRS. DOROTHY M. SILVERTHORNE, all the contents of one cardboard box located in my safety deposit box in the Plains National Bank of Lubbock, Texas containing various pieces of jewelry, coins and currency.*

THIRD: I give and bequeath to my beloved daughter, MRS. DORIS E. JENNINGS, the following items that are presently located in her home at Lubbock, Texas: two china cabinets which contain one set of dishes and other odd and end pieces; two book cases including salt and pepper shakers and dishes therein; one small book case with cups; one writing desk; one metal hospital bed; one cedar chest with contents therein; two chests of drawers; and the remaining items of my personal paraphernalia, clothing, jewelry, keepsakes and momentos *as well as the remaining items located in my safety deposit box other than the cardboard box that I have specifically bequeathed to my beloved daughter, MRS. DOROTHY M. SILVERTHORNE.*

FOURTH: I give, devise, and bequeath all the rest, residue and remainder of my property of whatever description and wherever situated be it real, personal, mixed, tangible and intangible to my two daughters, MRS. DOROTHY M. SILVERTHORNE AND MRS. DORIS E. JENNINGS, in equal shares, ..."

---

1. Lawrence Joseph Jennings, the other appellee, is Doris' husband and independent executor under the will in question.

(Emphasis added.)

After Mrs. Parteli's death, her safety deposit box was inventoried. It contained a $10,000.00 certificate of deposit dated May 16, 1973, a note in Doris' handwriting which said, "one box goes to Dorothy Silverthorn One '10,000 Bond' divided between my daughters Dorothy and Doris," and a cardboard box in which were coins and pieces of jewelry.

This controversy is over ownership of the $10,000 certificate of deposit. Dorothy claimed a one-half interest in it under the fourth paragraph of the will. Doris claimed the entire certificate of deposit under the third paragraph of the will. When they were unable to resolve their disagreement, Dorothy filed suit requesting the trial court to construe the will as she contended and Doris responded with pleadings advancing her contention. Each side filed motions for summary judgment. The trial court concluded the will was unambiguous, clearly expressed Mrs. Parteli's intent, and bequeathed the certificate of deposit to Doris. Judgment was entered accordingly, granting Doris' motion and denying Dorothy's motion.

In this court all parties agree the facts are undisputed. Dorothy advances four points of error, argued together, in support of her contention that the certificate of deposit was bequeathed equally to Doris and her. Dorothy's primary arguments are: (1) the certificate of deposit is not an "item" passing under paragraph three but an "intangible" passing under paragraph four, and (2) application of the rule of ejusdem generis supports her construction of the will. We do not agree.

■ When the interested parties ask a court to tell them what a will says, certain well established principles are activated. The court's duty is to determine the intention of the testator, as revealed by the words used in the will, and to enforce that intention as stated if it is legally permissible to do so. *Sellers v. Powers*, 426 S.W.2d

533, 536 (Tex.1968). If the words used by the testator are clear and unambiguous, construction of the will is unnecessary. The court simply enforces the instructions of the testator. *Sanderson v. First National Bank in Dallas*, 446 S.W.2d 720, 723 (Tex. Civ.App.—Dallas 1969, writ ref'd n. r. e.); *Henneke v. Andreas*, 473 S.W.2d 221, 223 (Tex.Civ.App.—Austin 1971, writ ref'd n. r. e.). If, however, the words used by the testator can reasonably be understood in more than one way, the will is ambiguous and the court must construe it in order to determine what the testator meant. In the latter case, the court looks to the will as a whole and the circumstances surrounding its execution, *Pruett v. Berkeley*, 405 S.W.2d 433, 435 (Tex.Civ.App.—Waco 1966, no writ), and applies various rules of construction.[2]

■ Our first inquiry, then, is whether we should apply the rules of construction to Edna Edith Parteli's will in order to determine her intent. We conclude that we should not. Mrs. Partelli expressed her testamentary intent is clear and unambiguous language, precluding any construction of the will. She gave Dorothy the contents of the cardboard box located in her safety deposit box and she gave Doris everything else located in the safety deposit box. The $10,000 certificate of deposit, in existence for over three years when the will was signed, was in the safety deposit box but was not in the cardboard box. Therefore, under the clear language of the will, the only possible conclusion is that Mrs. Parteli intended to give the certificate of deposit to Doris.

■ The certainty of Mrs. Parteli's intention is not diluted by her failure to specifically describe the certificate of deposit. In *Mortenson v. Trammell*, 604 S.W.2d 269, 272–73 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n. r. e.), a gift of "all property located in Cameron Co. Texas" was held to be a clear expression of the testator's intent

**2.** The numerous rules of will construction in Texas are set out in the cases collected in 61

Tex.Jur.2d *Wills*, §§ 121–218 (1964).

to make a gift of all of his property, real and personal, tangible and intangible, in Cameron County. In *Brady v. Nichols*, 308 S.W.2d 100, 111 (Tex.Civ.App.—San Antonio 1957) *reformed* 158 Tex. 382, 312 S.W.2d 381 (Tex.1958), a gift of "all the stock on all my ranches" was held to be definite enough to constitute a specific gift of such cattle. Likewise, Mrs. Parteli's gift to Doris of "the remaining items located in my safety deposit box" is a clear expression of her intention to make a specific gift to Doris of the certificate of deposit.

■ Dorothy argues that the word "items" encompasses only articles of tangible personal property, *see Brugioni v. Maryland Casualty Company*, 382 S.W.2d 707, 712 (Mo.1964), and cannot encompass an intangible asset such as a certificate of deposit.[3] We find no Texas cases or statutes, however, defining "item" in a manner that would exclude intangible personalty. The opposite appears to be true in certain banking statutes that describe instruments calling for the payment of money. *See, e. g.*, Tex.Bus. & Comm.Code Ann. § 4.104(a)(7), (b) & (c) (Vernon 1968); Tex.Rev.Civ.Stat. Ann. art. 342–701 (Vernon 1973).

Also, as stated by the Supreme Court in *White v. Taylor*, 155 Tex. 392, 286 S.W.2d 925, 926 (1956), words used in a will, whether technical or popular, are to be taken in their plain and usual sense, unless a clear intention to use them in a different sense "can be collected and that sense ascertained besides." We are not willing to inject an ambiguity into Mrs. Parteli's will by applying a restrictive and technical definition to a word that, to a lay person, would encompass both the piece of paper on which the certificate of deposit is written and the rights flowing from that piece of paper.

■ Dorothy also argues that application of the rule of ejusdem generis prohibits Doris from receiving the certificate of deposit under the third paragraph of the will. Ejusdem generis is a rule of construction generally stated as follows: "Where words

of a general nature follow, or are used in connection with the designation of particular objects or classes of persons or things, the meaning of the general words will be restricted to the particular designation." *Erwin v. Steele*, 228 S.W.2d 882, 884 (Tex. Civ.App.—Dallas 1950, writ ref'd n. r. e.). *See Carr v. Rogers*, 383 S.W.2d 383, 387 (Tex.1964). Thus, says Dorothy, "the remaining items" must be restricted to objects of the same kind described in earlier parts of paragraph three. We have concluded, however, that construction of Mrs. Parteli's will is unnecessary; thus, application of a rule of construction is not proper. *See Dutchover v. Dutchover*, 334 S.W.2d 569, 572 (Tex.Civ.App.—El Paso 1960, no writ).

■ Further, even if the construction of the will were necessary, the rule of ejusdem generis would not be applicable. When the entire concluding clause of paragraph three is considered, it is apparent that "the remaining items" is not used in connection with the specific objects or classes described in preceding clauses. The final clause of paragraph three speaks to a different area of concern by Mrs. Parteli, the contents of her safety deposit box, and clearly states a limitation on the gift to Doris by excluding the cardboard box given to Dorothy. We find no justification in the language or structure of the will for imposing an additional limitation by application of the rule of construction in question.

■ Although not the subject of a point of error, Dorothy also argues that the note written by Doris and found in the safety deposit box indicates that Doris construed the will to mean the sisters were to share the certificate of deposit. The record tells us nothing about the note except its existence and authorship. We are, thus, unable to draw any conclusion about it that is material to the issues before us. In any event, our concern is with Mrs. Parteli's intent, as expressed in the will, not Doris'

3. The Texas Business & Commerce Code defines a certificate of deposit as a written acknowledgement by a bank of a receipt of money with an engagement to repay it. Tex. Bus. & Comm.Code Ann. § 3.104(b) & (c) (Vernon 1968).

opinion of the meaning of the will, if that is what the note represents.

Points of error one through four are overruled. The judgment of the trial court is affirmed.