**Garth CHAMBERS, et al., Appellants,**

v.

**Thomas WARREN, et al., Appellees.**

**No. 01–82–0737–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 28, 1983.

Rehearing Denied May 26, 1983.

William Drew Perkins, Lufkin, for appellants.

W. David Stephens, Lufkin, for appellees.

Before WARREN, BULLOCK and BASS, JJ.

## OPINION

BASS, Justice.

Appellants appeal from an order granting appellees a summary judgment.

The judgment is affirmed.

This is a will construction case in which the facts are undisputed.

W.O. (Oscar) Warren and Ada Warren were married and acquired certain commu-

nity property, consisting of two tracts of land. The Warrens were never divorced. Oscar Warren died intestate on January 3, 1966. Ada Warren never remarried, and died on February 2, 1967, leaving a will which was probated on October 20, 1976.

The appellees, Ada Warren's stepchildren, filed suit in trespass to try title, claiming their entire interest in one of the disputed tracts and a portion of the other disputed tract by virtue of and under the last will and testament of Ada Warren. Appellants, Ada Warren's heirs at law, claimed their interest in the property by intestate succession.

The will in question states in pertinent part:

## II.

After the payment of my just debts, including funeral expenses and expenses of my last illness, I will, give, devise and bequeath unto my beloved husband, W.O. (Oscar) Warren, all the property that I may possess at the time of my death, both real, personal and mixed, of whatsoever nature, wheresoever situated, and howsoever acquired, hereby intending to include insurance and choses in action.

.  *  *  *  *  *  *

## IV.

In the event that my death and the death of my husband, the said W.O. (Oscar) Warren, shall occur simultaneously or approximately so, or in the same accident or calamity, or under circumstances causing a reasonable doubt as to which of us survived the other, then and in that event, I will, give, devise, and bequeath unto my beloved stepchildren, namely, Nellie Warren Allen, Jessie Warren Lovett, Bessie Warren Eddington, and T.E. Warren, share and share alike, all of the property of which I may be possessed at the time of my death, whether real, personal or mixed, separate or community, wheresoever situated and howsoever acquired.

## V.

In the event that my death and the death of my husband, the said W.O. (Oscar) Warren shall occur simultaneously or approximately so, or in the same accident or calamity, or under circumstances causing a reasonable doubt as to which of us survived the other, then and in that event I hereby appoint my stepdaughter, Bessie Eddington, Independent Executrix of my estate and I direct that no bond or other form of security be required of her as such, and that the courts take no further action herein than to admit this will to probate and record, and to cause a return of an inventory, appraisement, and a list of claims as provided by law.

## VI.

In the event that any of the property that I have heretofore willed, given, devised and bequeathed to my husband, W.O. (Oscar) Warren, should remain in his hands at the time of his death, then and in that event it is my will and desire that any and all such property shall pass to and the title thereof vest in my stepchildren, and I hereby will, give, devise and bequeath to my four stepchildren, named in Paragraph IV above, all of the such property, share and share alike.

Both parties filed motions for summary judgment, stipulating all pertinent facts, and asking for a construction of the will. Appellants claimed that since Oscar predeceased Ada Warren, and since her death occurred over a year after his death, the will made no disposition of property, and that they, as Ada Warren's heirs at law, were entitled to the disputed property. Appellees sought to establish their interest in the property under the terms of the will.

The trial court, in granting appellees' motion for summary judgment, entered findings of fact and conclusions of law, as follows:

### FINDINGS OF FACT

The court finds that, based upon the pleadings, answers to interrogatories, ad-

missions, and stipulations of fact, there is no genuine issue as to any material fact in this cause.

## CONCLUSIONS OF LAW

1. The court concludes that if a will is open to two constructions, the interpretation will be given it which prevents intestacy.
2. The court concludes the intent of the Testator must be ascertained from the language used within the four corners of the instrument.
3. The court concludes the language used by the Testatrix, Ada Warren, in the Last Will and Testament, when viewed from the four corners of the instrument and to prevent intestacy, clearly shows, as a matter of law, the Testatrix, Ada Warren, intended that all of her property pass to and vest in the plaintiffs in this case, who are her stepchildren.

Appellants raise three points of error on appeal: (1) the trial court erred as a matter of law in concluding that the will passed title to the disputed property to the appellees since there was no disposition of such property in said will to the Warrens; (2) the trial court erred as a matter of law in concluding that the language used by testatrix, when viewed from the four corners of the instrument and to prevent intestacy, clearly showed that the testatrix, Ada Warren, intended for all of her property to vest in the Warrens, who are her stepchildren; and (3) the trial court erred in making a disposition of property by presuming an intention of the testatrix from other language used in the will. Appellants consolidated all three points of error in their argument.

Appellants contend that there is no dispositive language in the will, and that the will simply does not speak to the disposition of the property should Oscar Warren be deceased at the time of the testatrix's death. Appellants take the position that the language of the will in question does not create an ambiguity, and, in fact, has been held to vest fee simple title in the first grantee. *Frame v. Whitaker,* 120 Tex. 53,

36 S.W.2d 149 (1931); *Feegles v. Slaughter,* 182 S.W. 10 (Tex.Civ.App.—Dallas 1915, writ ref'd). They conclude that as the will is incomplete, and contains no provision for disposition of the property should Ada Warren's husband be deceased at the time of her death, the property should pass by intestate succession and not under the will proffered by appellees.

In a will construction case, certain rules are well settled. All rules of construction must yield to the basic intention and purpose of the testator, as reflected by the entire instrument. However, that intent must be ascertained from language used within the four corners of the instrument. The question is not what the testator intended to write, but the meaning of words actually used. Courts may not redraft a will, vary, or add provisions under the guise of "construction of language" in order to reflect some presumed intention. *Shriner's Hospital for Crippled Children of Texas v. Stahl,* 610 S.W.2d 147 (Tex.1980).

It is also well established that if a will is open to two constructions, the court will give it the interpretation which prevents intestacy. *Shriner's Hospital, supra.* The current law thus provides a strong presumption against partial intestacy. The mere fact that a testator executed a will is strong evidence the testator intended to die testate and creates the presumption that the testator intended to dispose of his or her entire estate. However, this presumption will not be allowed to furnish the basis for "creating" a dispositive provision when no basis for the disposition can be found in the language of the will. *Swearingen v. Giles,* 565 S.W.2d 574 (Tex.Civ.App.—Eastland 1978, writ ref'd n.r.e.).

Paragraph IV of Ada Warren's will provides that if death should occur simultaneously, or under circumstances causing a reasonable doubt as to which spouse survived the other, Oscar would be considered to have predeceased Ada. In the event this contingency occurred, Ada devised all of her estate to her stepchildren. There is thus a clear expression of intent that should Oscar predecease Ada, her stepchildren were to

take. The language of paragraph IV can thus be interpreted to provide for survivorship or substitution, thereby preventing lapse of the bequest. See discussion in *Swearingen, supra.*

Paragraph VI of the will provides further strong evidence of her intent not to die intestate, and of her desire that her stepchildren have any of her estate remaining after the death of Oscar Warren. Had Oscar outlived Ada, he clearly would have received but a life estate in Ada's property, and Ada's stepchildren, the remainder interest. See *Benson v. Greenville Nat. Exchange Bank,* 253 S.W.2d 918 (Tex.Civ.App.—Eastland 1952, writ ref'd n.r.e.); *Norris v. Methodist Home,* 464 S.W.2d 677 (Tex.Civ. App.—Waco 1971, writ ref'd n.r.e.). See, by contrast, *Feegle, supra.*

There is thus clear evidence from the language used by the testatrix, when viewed from the four corners of the instrument, and to prevent intestacy, that Ada Warren intended that her property vest in her stepchildren, should her husband predecease her.

Appellants' three points of error are overruled.

The trial court's judgment is affirmed.