In re ESTATE OF Marguerite
HUNT, Appellant.

No. 04–95–00094–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 23, 1995.

Rehearing Overruled Sept. 18, 1995.

Albert M. McNeel, Jr., Gilliland & McNeel, San Antonio, W. Patrick Dodson, Dodson & Lowe, Uvalde, J. Ken Nunley, Nunley, Brant & Davis, Boerne, for Appellant.

Arthur H. Bayern, Bayern, Paterson & Aycock, P.C., San Antonio, Susan K. Staricka, Assistant Attorney General, Charitable Trusts Section, Austin, Edward D. Biggers, Biggers, Beasley, Earle and Hightower, P.C., Dallas, for Appellee.

Before LOPEZ, GREEN, and DUNCAN, JJ.

## OPINION

GREEN, Justice.

This case involves the proper interpretation of dispository language in a will. The issue is whether the will provision is ambiguous, thereby invoking rules of will construction; or whether the will is unambiguous, requiring the Court to give effect to the express language used. The trial court found the will to be "open to two constructions" and construed the intent of the testatrix to award the residuary estate to a charitable organization that was otherwise a lapsed contingent beneficiary. We reverse and render.

Marguerite Hunt states in her will ("the Will") that her property and estate is to go to the Broadway National Bank as Trustee for the benefit of her niece, Doris Jean Delph, during her lifetime ("the Delph Trust"). The Will further provides that if Delph is not living at the time of Hunt's death, Hunt's property and estate is to go to the Salvation Army. Delph was living when Marguerite Hunt died; the Will, however, fails to provide for the disposition of the balance remaining in the Delph Trust upon Doris Jean Delph's death.[1]

Broadway National Bank, as Trustee, filed suit against the interested parties for a declaratory judgment with reference to the disposition of the remainder interest in the Delph Trust after the death of Doris Jean Delph; the Bank adopted a neutral position as a stakeholder. Sally Park, Pat Hitt, Frances Stoner, Jackie H. Kirk and Relda Bond, the statutory heirs of Marguerite Hunt ("the Heirs"), filed a motion for summary judgment in response to the Bank's suit, asking the court to enter a judgment declaring that Marguerite Hunt died intestate as to the remainder interest in the Delph Trust and further asking for a determination that they and Delph are vested with such remainder interest.[2] Albert M. McNeel, Jr., the appointed guardian ad litem for the interests of any unknown claimants to the assets of the Delph Trust or the estate of Marguerite Hunt, adopted and joined the Heirs' motion for summary judgment. The Salvation Army filed a cross-motion for summary judgment, seeking a declaration from the court that it was entitled to the remainder interest. The trial court granted judgment in favor of the Salvation Army.

■ Whether a will is ambiguous is determined by whether the words used by the

1. The pertinent dispository language of the will is as follows:

SECOND: I give all of my property and estate, both real and personal, of every kind and wherever located, to which I shall be in any manner entitled at the time of my death (collectively referred to as my "residuary estate"), as follows:

(a) To Broadway National Bank, San Antonio, Texas, as Trustee for my niece, Doris Jean Delph, to be held and administered during the life of Doris Jean Delph in accordance with the following provisions:

(b) My Trustee is directed to pay to or for the benefit of my niece, Doris Jean Delph, so much of the income and principal from the Trust for her health, education, maintenance and support as from time to time may be determined by my Trustee, in its sole discretion. My Trustee may pay or distribute the whole or any part of such property to the Beneficiary of such Trust, or to

the guardian, committee, custodian or other legal representative of the Beneficiary, or the person with whom the Beneficiary resides to use for such Beneficiary. The receipt of the person to whom any such payment or distribution is so made shall discharge my Trustee therefor.

(c) If Doris Jean Delph is not living at the time of my death, I give my residuary estate to the Salvation Army, Kendall County Chapter, Kendall County, Texas. If the Kendall County Chapter of the Salvation Army is not in existence at the time of my death, then to the San Antonio Chapter of the Salvation Army, San Antonio, Bexar County, Texas. If no San Antonio Chapter exists, then to the national office of the Salvation Army.

2. Doris Jean Delph is not a party to the litigation.

testatrix are capable of more than one meaning. *El Paso Nat'l Bank v. Shriner's Hospital for Crippled Children*, 615 S.W.2d 184, 185 (Tex.1981). The Salvation Army essentially argues that the Will is ambiguous and, utilizing well-settled will construction rules, contends it is "obvious" that Marguerite Hunt intended for the Salvation Army to receive the remainder interest of the Delph Trust. *See Shriner's Hospital for Crippled Children of Texas v. Stahl*, 610 S.W.2d 147, 151 (Tex.1980). The Heirs claim that the Will is incomplete as to the disposition of the estate but that it is nonetheless unambiguous, requiring the court to construe the Will in accordance with the meaning of its express terms. To hold in favor of the Salvation Army, they say, requires rewriting the will on the basis of pure conjecture and speculation as to Marguerite Hunt's true intentions.

 The only reference to the Salvation Army in the Will provides that *"[i]f Doris Jean Delph is not living at the time of my death, I give my residuary estate to the Salvation Army, . . . ."* There is no disputing the clear and unambiguous intent of the testatrix in this phrase as to the disposition of her estate in the event Delph predeceases her—the Salvation Army is the beneficiary. But the Will is silent as to the disposition of the remainder of those assets if, as is the case, Doris Jean Delph survived Marguerite Hunt. When there are no dispositive words that are capable of more than one meaning, a will is considered unambiguous for the purposes of will construction. *El Paso Nat'l Bank v. Shriner's Hospital for Crippled Children*, 615 S.W.2d at 185. There is nothing about the absence of dispositive words relative to the remainder interest that creates a conflict in the clear meaning of the dispositive words that are included in the Will. We hold that the Will is unambiguous. Consequently, the rules of will construction do not apply; the will speaks for itself. *Henderson v. Parker*, 728 S.W.2d 768, 770 (Tex.1987); *Frost Nat'l. Bank of San Antonio v. Newton*, 554 S.W.2d 149, 153 (Tex. 1977); *Silverthorn v. Jennings*, 620 S.W.2d 894, 896 (Tex.App.—Amarillo 1981, writ ref'd n.r.e.).

 It is true that Marguerite Hunt failed to completely dispose of her estate in the Will. It is also true that upon reading the entire will it is reasonable to presume that it was Marguerite Hunt's intention to award the remainder interest in the Delph Trust to the Salvation Army. But she did not say so. And we are prohibited from speculating as to what Marguerite Hunt would have done had she completed her will. *Newton*, 554 S.W.2d at 153; *Wilkins v. Garza*, 693 S.W.2d 553, 556 (Tex.App.—San Antonio 1985, no writ). A court may not rewrite a will or add provisions under the guise of construction of the language of the will in order to reflect some presumed intention of the testatrix. *Stahl*, 610 S.W.2d at 151. Even though there is a strong presumption against intestacy, the presumption does not arise when the testatrix fails, through design or otherwise, to make a complete disposition of her property. *Haile v. Holtzclaw*, 414 S.W.2d 916, 922 (Tex.1967).

 There is nothing from within the four corners of the Will—that is, from the actual language used—to ascertain that the testatrix intended for the Salvation Army to receive the remainder interest in her estate after the Doris Jean Delph life estate in the Delph Trust. *See Stahl*, 610 S.W.2d at 151. The result is that there is no provision in the Will for the disposition of the remainder interest, and it therefore passes by intestacy. *See Renaud v. Renaud*, 707 S.W.2d 750, 753 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.) (will not ambiguous where testator simply failed to provide for disposition of trust remainder).

Appellees contend the case of *Chambers v. Warren*, 657 S.W.2d 3 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.) is controlling. But despite the apparent similarities, *Chambers* is distinguishable. In that case, the testatrix willed all of her property to her husband upon her death and to her stepchildren if she and her husband died "simultaneously or approximately so." The will failed to dispose of her property in the event she died after her husband. When the testatrix died thirteen months after her husband's death, her heirs-at-law claimed their interest in the testatrix's property by intestate suc-

cession. The Court applied the rule of will construction that dictates against partial intestacy, holding that the simultaneous death provision in the will left it "open to two constructions."

The will in *Chambers* was ambiguous because it was uncertain what the testatrix meant when she willed her property to her stepchildren if she and her husband died at "approximately" the same time. Using the words chosen by the testatrix in her will, she could have intended that thirteen months between deaths was an "approximately" simultaneous death. The testatrix otherwise clearly expressed her intention that she wanted her property to go to her stepchildren and did not intend to die intestate.

█ In contrast, the testatrix in this case did not use words that have more than one meaning. The plain meaning of the words used express the intention of the testatrix to provide for her niece, Doris Jean Delph; the Salvation Army was to benefit only if Delph predeceased her. Accordingly, the Salvation Army's contingent interest was extinguished when, at the time of Marguerite Hunt's death, Delph was still living. The will says nothing about what happens to the remainder interest and we can infer nothing from that.

Based on the foregoing, the trial court erred in granting the Salvation Army's cross-motion for summary judgment, and in failing to grant summary judgment for the Heirs. Appellant's point of error number one is sustained.

█ In their second point of error, Appellants complain of the trial court's failure to declare the legal relations in respect to the Estate of Marguerite Hunt, Deceased, to ascertain the heirs-at-law. Section 37.005 of the Texas Civil Practice and Remedies Code entitles an heir to receive a declaration of rights or legal relations in respect to a trust or an estate. Tex.Civ.Prac. & Rem.Code Ann. § 37.005 (Vernon Supp.1995). In view of the holding that the remainder interest in the Delph Trust passed by intestacy to the statutory heirs, appellant's are entitled to the relief requested. Appellant's second point of error is sustained.

A guardian ad litem was appointed to represent the interests of any contingent remaindermen, including any minor beneficiary, any beneficiary under a disability, any incapacitated, unborn, or unascertained person and any unknown claimant to the estate. Citation was duly and legally published giving notice to any such individuals represented by the guardian ad litem. And the trial court found that the guardian ad litem had properly represented the required interests of any such contingent remaindermen. Accordingly, any possible heirs-at-law were given proper notice under the law and were before the court for the purpose of the heirship declaration.

█ Affidavits of heirship were filed as summary judgment proof identifying the heirs-at-law of Marguerite Hunt, deceased, as Sally Park, Pat Hitt, Frances Stoner, Jackie H. Kirk, Relda H. Bond, and Doris Jean Delph. It was established that all six of the alleged heirs-at-law stand in the same degree of relationship to the deceased and that they should take per capita on the distribution of the estate upon intestacy. *See* Tex.Prob.Code Ann. § 43 (Vernon Supp. 1995). No controverting proof was offered. Accordingly, appellants have met their burden of establishing themselves as the heirs-at-law of Marguerite Hunt as a matter of law.

The judgment of the trial court is reversed and judgment is rendered that Marguerite Hunt died intestate as to the remainder interest in the Delph Trust, and that Sally Park, Pat Hitt, Frances Stoner, Jackie H. Kirk, Relda H. Bond, and Doris Jean Delph are declared to be the legal heirs-at-law of Marguerite Hunt, deceased, each being entitled to a one-sixth (⅙) share of the remainder interest, if any.