**Billie Ruth MAY and Iolene Chastain, Appellants,**

v.

**Lurena WALTER, Appellee.**

No. 07–96–0220–CV.

Court of Appeals of Texas, Amarillo.

Nov. 12, 1997.

Rehearing Overruled Dec. 10, 1997.

Adams & Adams, P.C., Houston (William J. Cronin), Richard N. Countiss, Houston, for appellant.

Crenshaw, Dupree & Milam LLP (Jack McCutchin, Jr. and Cecil Kuhne), Lubbock, for appellee.

Before BOYD, C.J., REAVIS, J., and REYNOLDS, Senior Justice.*

REYNOLDS, Senior Justice (Retired).

This appeal requires us to determine whether the trial court was correct in summarily holding that (1) a certificate of deposit was included in the testator's bequest of tangible personal property, and (2) attorney's fees were to be paid from the estate. Concluding that the court erred in its holding with respect to the certificate, but not with

* Charles L. Reynolds, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

respect to attorney's fees, we will respectively reverse and remand in part and affirm in part.

On 26 November 1993, Ralph W. Moore died, leaving his 21 October 1992 will, by which he named his surviving three nieces, Lurena Walter, Billie Ruth May, and Iolene Chastain, as the primary beneficiaries of his estate. Article 3 of the decedent's will is titled "SPECIFIC BEQUESTS" with two subtitles: "Tangible Personal Property" and "Pecuniary Bequest." Under the subtitle "Tangible Personal Property," the decedent disposed of items of personal property having physical form and substance—*i.e.*, a diamond ring, clothing, furniture, furnishings, and works of art—"together with any insurance on such personal property," and included this bequest:

> I also give to Lurena Walter the small fire proof safe which is currently in my apartment along with its tangible personal property contents.

Under the subtitle "Pecuniary Bequest," the decedent contingently bequeathed cash sums to named individuals. And by Article 4 of the will, titled "RESIDUARY ESTATE," the decedent provided for the conversion of the rest and residue of his estate into cash and its division among his nieces as follows: Chastain, 31%; Walter, 34.5%; and May, 34.5%.

At the time of the decedent's death, the safe bequeathed to Walter contained these eight items:

- $100,000 certificate of deposit issued to Ralph W. Moore;
- Birth certificate for Eileen Keys Moore;
- Marriage license for Ralph and Eileen Moore;
- Certificate of death for Eileen Moore;
- Cemetery certificate for Eileen Keys Moore;
- Copies of 1989–September 1993 tax returns;
- Small pistol; and
- Original Will of Ralph W. Moore.

Questioned by the beneficiaries was whether the certificate of deposit passed under the specific bequest of tangible personal property in Article 3 or under the Article 4 residuary provisions.

Walter initiated a declaratory judgment action, seeking the determination that the certificate of deposit was bequeathed to her as tangible personal property contained in the safe. Chastain and May counterclaimed for a judgment declaring that the certificate passed as a part of the residuary estate.

Walter moved for summary judgment or, alternatively, partial summary judgment declaring, among other things, her ownership of the certificate of deposit, and her entitlement to attorney's fees. May and Chastain moved for partial summary judgment declaring, inter alia, that the certificate of deposit passed to the residuary beneficiaries, and their entitlement to attorney's fees.

The trial court determined that the parties were entitled to some relief sought in their respective motions for summary judgment. In granting that relief, the court rendered a partial, interlocutory summary judgment declaring, in part, that the certificate of deposit in its entirety belonged to Walter, and that all attorney's fees incurred by the parties shall be payable from the estate prior to distributions to any of the beneficiaries. Issues reserved for a trial on the merits were submitted to the court, and the court rendered a final judgment into which was incorporated the partial summary judgment.

On appeal, May and Chastain contend, with two points of error, that the court erred in adjudging that Walter is the sole beneficiary of the certificate of deposit, and decreeing that attorney's fees be paid from the decedent's estate. They do not challenge the court's refusal to grant that part of their partial motion for summary judgment by which they sought a decree that the certificate of deposit was a part of the residuary estate.

To merit the partial summary judgment decreeing her ownership of the certificate of deposit, Walter was required to conclusively prove that it was tangible personal property. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979). May and Chastain argue that Walter did not discharge her burden of proof because a certificate of deposit is included within the

definition of intangible personal property in the Texas Tax Code,[1] and in *Silverthorn v. Jennings*, 620 S.W.2d 894 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.), we "also defined certificates of deposit as intangible personal property." Walter's response is that the terms used in the Tax Code are restricted to their use in the Code itself; that "all of the contents of the small, fireproof safe were, in fact, items of tangible personal property"; and that the issue whether a certificate of deposit is intangible personal property was neither presented nor decided in *Silverthorn.*

Walter has correctly observed that the *Silverthorn* court was not asked, and did not undertake, to decide whether a certificate of deposit was either tangible or intangible personal property. In that cause, the deceased mother of two sisters, Dorothy and Doris, bequeathed to Dorothy, among other things, a cardboard box and its contents in her bank safety deposit box, and bequeathed to Doris, among other things, "the remaining items located in my safety deposit box other than the cardboard box specifically bequeathed" to Dorothy. The decedent bequeathed the residue of her property to her two daughters in equal shares. A $10,000 certificate of deposit was in the safety deposit box but not in the cardboard box. The trial court held that by the unambiguous will, the certificate was bequeathed to Doris.

On appeal, Dorothy, contending that the certificate was bequeathed equally to her and Doris under the residuary clause, argued "that the word 'items' encompasses only articles of tangible personal property, (citation omitted), and cannot encompass an intangible asset such as a certificate of deposit." The Court found the argument unpersuasive, saying, "We find no Texas cases or statutes, however, defining 'items' in a manner that would exclude intangible personalty. The opposite appears to be true in certain banking statutes that describe instruments calling for the payment of money. (Citations omitted)." 620 S.W.2d at 897. Obviously, the Court, while entertaining Dorothy's argument at face value, did not attempt to describe the nature of a certificate of deposit, but merely explained why her attempted definitional limitation of the word "items" to tangible personalty was not legally sound.

 We are in accord with the parties' agreement, evinced by their filing motions for summary judgment and by their affirmative expressions, that the decedent's will is unambiguous.[2] Thus, a construction of the will to discover the testator's intent is unnecessary; rather, the intent of the testator is ascertained from, and is disclosed by, the meaning of the words the testator actually used within the four corners of the will. *Shriner's Hospital, Etc. v. Stahl*, 610 S.W.2d 147, 151 (Tex.1980). There being no contrary manifestation in the will, the words are to be given their ordinary and natural meaning with which, it is presumed, the testator was familiar when he used them in his will, *Heinatz v. Allen*, 147 Tex. 512, 217 S.W.2d 994, 997 (1949), and not given another meaning in order to reflect some presumed intention of the testator. *Shriner's Hospital, Etc. v. Stahl*, 610 S.W.2d at 151.

Tangible property has been defined as "[p]roperty that has physical form and substance ... which may be felt or touched." Black's Law Dictionary 1456 (6th ed.1990). Intangible property has been defined as "property [which] ... is merely the representative or evidence of value, such as certificates of stock, bonds, promissory notes, copyrights and franchises." *Id.* at 809.

---

1. As defined in the Tax Code, intangible personal property "includes a ... certificate of deposit...." Tex. Tax Code Ann. § 1.04(6) (Vernon 1992).

2. Notwithstanding, Walter offered as summary judgment evidence, over various objections, her affidavit and that of a nurse-aide as proof that the decedent personally placed the certificate of deposit, the date of which is undisclosed, in the safe and told her that it was to belong to her at the time of his death, albeit there is no showing whether the event occurred before or after the decedent executed his will. In any event, the only justification for such extrinsic evidence is to explain the testator's meaning which is set forth in the will; but, because the decedent's intent is unambiguously expressed by the words written into the will, extrinsic evidence cannot be received to show the testator intended something outside and independent of those written words. *Huffman v. Huffman*, 161 Tex. 267, 339 S.W.2d 885, 888 (1960).

■ A certificate of deposit is recognized as an instrument containing an acknowledgment by a bank that a sum of money has been received by the bank and a promise by the bank to repay the sum of money, which constitutes it a note of the bank. Tex. Bus. & Com.Code Ann. § 3.104(j) (Tex.UCC) (Vernon Supp.1997); *Thompson v. Thompson*, 149 Tex. 632, 236 S.W.2d 779, 791 (1951). A note is an unconditional promise to pay another a certain sum of money at a certain time, *Edlund v. Bounds*, 842 S.W.2d 719, 724 (Tex.App.—Dallas 1992, writ denied), and the certificate of deposit, being of like character, is a chose in action, *Citizens State Bank of Houston v. O'Leary*, 140 Tex. 345, 167 S.W.2d 719, 721 (1942), which is classified as an intangible property right. *Browne v. King*, 196 S.W. 884, 887 (Tex.Civ.App.—San Antonio 1917), *aff'd*, 111 Tex. 330, 235 S.W. 522 (1921). *See also Day v. Day*, 896 S.W.2d 373, 376 (Tex. App.—Amarillo 1995, no writ). This analysis is reenforced by the classification of tangible and intangible property in the Tax Code, which classifies a certificate of deposit as intangible property. Tex. Tax Code Ann. § 1.04(6) (Vernon 1992).

■ Predicated upon the foregoing authority, we conclude that a certificate of deposit is intangible personal property, not tangible personal property. Consequently, the certificate was not included within the ordinary and natural meaning of the words the decedent used to bequeath tangible personal property in Article 3 of his will. The exclusion is harmonious with the intent expressed by the words the decedent used, for in his Article 3 bequests of items of tangible personal property, he recognized the distinction between the tangible personal property items and insurance, and he did not include the certificate of deposit in his pecuniary bequests, which were for the payments of money.

As a result, Walter did not prove her entitlement to the certificate of deposit as a matter of law. The first point of error is sustained.

Under their second-point contention, May and Chastain argue on the authority of *Van Hoose v. Moore*, 441 S.W.2d 597 (Tex.Civ. App.—Amarillo 1969, writ ref'd n.r.e.), that attorney's fees are not recoverable where, as here, the real controversy concerns which claimants are entitled to receive the assets of the estate. The basis for the *Van Hoose* court's holding was that there was no statutory authority authorizing the recovery of attorney's fees by unsuccessful adverse claimants to the assets of the estate. *Id.* at 619.

■ In contrast to the declaratory judgment actions underlying this appeal, the *Van Hoose* litigation was not a declaratory judgment action, and the decision was rendered before the Texas Uniform Declaratory Judgment Act was amended in 1981 to provide that "the court may award costs and reasonable and necessary attorney's fees as are equitable and just." Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 1997). Thus, the grant of attorney's fees made in the declaratory judgment actions was within the discretionary power of the trial court, and its judgment will not be reversed on appeal in the absence of a clear showing of an abuse of that discretion. *Oake v. Collin County*, 692 S.W.2d 454, 455 (Tex.1985). May and Chastain have not charged the trial court with an abuse of discretion, nor have they raised any question as to the reasonableness and necessity of the attorney's fees. Their second point of error is overruled.

Because the trial court erred in summarily declaring that Walter alone owns the certificate of deposit, we reverse that part of the court's judgment and, since May and Chastain have not charged the court with error in not granting their motion for summary judgment to declare that the certificate is a part of the residuary estate, we remand that part of the cause to the trial court for proceedings consistent with this opinion; otherwise, the judgment is affirmed. Costs occasioned by this appeal are taxed three-fourths against Lurena Walter, and one-fourth against Billie Ruth May and Iolene Chastain, severally and jointly. Tex.R.App. P. 43.4.