

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00355-CV

In the **ESTATE OF MARY JANE HARGROVE**, Deceased

From the County Court at Law, Val Verde County, Texas
Trial Court No. 6430
Honorable Sid L. Harle, Judge Presiding[1]

Opinion by:      Rebeca C. Martinez, Justice

Sitting:           Rebeca C. Martinez, Justice
                 Patricia O. Alvarez, Justice
                 Liza A. Rodriguez, Justice

Delivered and Filed: March 6, 2019

AFFIRMED

Appellant Jim Bob Hargrove ("Jim Bob") appeals from the trial court's orders authorizing letters testamentary to appellees Linda Hargrove Palmer ("Linda") and Julia Hargrove Hildreth ("Julia"), and denying his application to admit to probate a purported codicil to the will of his mother, Mary Jane Hargrove ("Mary Jane"). We affirm.

## Facts

Mary Jane died testate on December 25, 2017. Two of her daughters, Linda and Julia, filed an application to admit to probate a will executed by Mary Jane on February 13, 2017 ("Will"). The Will states, "I appoint LINDA HARGROVE PALMER and JULIA HARGROVE HILDRETH as co-independent executors of this will and of my estate."

---

[1] Sitting by assignment.

Jim Bob filed an answer contesting the will, but later agreed that the will should be admitted to probate. He also moved, however, to admit to probate a purported codicil to the Will dated March 31, 2017 ("Codicil"). That Codicil states, in pertinent part:

I, MARY BARBER HARGROVE (also known as Mary Jane Hargrove), a resident of Val Verde County, Texas, do make and publish this the First Codicil to my Last Will and Testament, which was executed in the Summer of 2016 and which was prepared by the Law Office of Langley and Banack and I now republish and declare said Last Will and Testament, as amended by this First Codicil, to be my Last Will and Testament.

ITEM I.

I completely rewrite and amend the section of my Last Will and Testament as it relates to APPOINTMENT OF EXECUTOR to read as follows (Linda Hargrove was named Executor in my Will which I am not changing):

APPOINTMENT OF EXECUTOR

IT IS MY SPECIFIC INTENT AND WILL TO DISCHARGE, TERMINATE AND REMOVE LINDA HARGROVE AS MY INDEPENDENT EXECUTOR. IT IS ALSO MY INTENT AND WILL TO DISCHARGE, TERMINATE AND REMOVE ANY SUCCESSORS NAMED IN MY PREVIOUS WILL AND I NOW HEREBY AMEND MY WILL AS FOLLOWS:

A.  I hereby nominate, appoint and constitute my son, JIM BOB HARGROVE, as Independent Executor of my estate. . . .

Linda and Julia opposed admitting the Codicil to probate on a variety of grounds, including that it lacks sufficient reference to the Will.

After an evidentiary hearing, the trial court admitted the Will to probate, issued letters testamentary to Linda and Julia as co-independent executors of Mary Jane's estate, and denied Jim Bob's application to admit the Codicil to probate. Upon Jim Bob's request, the court filed findings of fact and conclusions of law in support of its rulings. Jim Bob also filed a motion for new trial, which was overruled by operation of law.

**Discussion**

*Standard of review*

Findings of fact are reviewed for legal and factual sufficiency of the evidence. *In re Estate of Lynch*, 395 S.W.3d 215, 221 (Tex. App.—San Antonio 2012, pet. denied) (citing *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002)). "If there is more than a scintilla of evidence to support the finding, the no-evidence challenge fails. Evidence is factually insufficient to support a finding if the finding is so against the great weight and preponderance of the evidence as to be clearly wrong or unjust." *Id.* at 221-22 (citations omitted). Conclusions of law are reviewed *de novo*, based on the findings of fact. *Id.* at 222 (citing *BMC Software*, 83 S.W.3d at 794).

*Adequacy of the trial court's findings of fact and conclusions of law*

In its findings of fact and conclusions of law, the trial court found that "the Codicil lacks the requisite formalities required by law to be admitted to probate along with the Will." It concluded that "the Codicil of the Decedent dated March 31, 2017 is invalid as a matter of law." Jim Bob complains that the finding and conclusion are inadequate to inform him of the basis for the court's refusal to admit the Codicil to probate. Jim Bob did not, however, file a request for additional or amended findings or conclusions. *See* Tex. R. Civ. P. 298. His complaint concerning the adequacy of the findings and conclusions the court did file is waived. *See Robles v. Robles*, 965 S.W.2d 605, 611 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ("The failure to request additional findings of fact and conclusions of law constitutes a waiver on appeal of the trial court's lack of such findings and conclusions.").

*Validity of the Codicil*

The parties agree that a codicil must contain "a sufficient reference to a prior will" and that, if it does so, it "operates as a republication of the will in so far as it is not altered or revoked by the codicil; the will and codicil are then to be regarded as one instrument speaking from the date of

the codicil." *Hinson v. Hinson*, 154 Tex. 561, 567, 280 S.W.2d 731, 735 (1955). They also agree that the Will is Mary Jane's valid last will and testament, and that it was correctly admitted to probate. They disagree, however, on whether the Codicil contains a sufficient reference to that Will. We conclude that it does not.

The *Hinson* rule does not require that a codicil make a "specific" or "exact" reference to a prior will, but it does require that it state "enough information to permit adequate identification of the will being republished." *In re Estate of Hendler*, 316 S.W.3d 703, 710 (Tex. App.—Dallas 2010, no pet.). For example, the codicil in *Hendler* referred to "[t]he same will and testament exists now as on 4/30/99." *Id.* at 706. The court held that this was a sufficient reference to the decedent's 1990 will because the parties agreed that the 1990 will was valid, its continuation was presumed because there was no evidence that it had been revoked, and the codicil was actually written on a page of that 1990 will. *See id.* at 710-11. Thus, the reference to a will existing on 4/30/99 was sufficient to identify the 1990 will even though it did not specifically or exactly name that will. *Id.*

The circumstances of the present case are markedly different. The Codicil does not contain a generic reference to an existing will that could be construed to mean the February 2017 Will. Instead, it contains a specific reference to a will executed at a specific time that is incompatible with identifying the Will at issue here.

As noted, Mary Jane's Will was executed on February 13, 2017. But the Codicil, which was executed a mere six weeks later, refers to "my Last Will and Testament, which was executed in the Summer of 2016." Jim Bob contends that this is actually a reference to the February 2017 Will. But the express language of the Codicil refers to a will executed at least seven months earlier. We cannot simply overlook the discrepancy. Nor can we, in the guise of interpreting the Codicil, rewrite it to state "executed in February 2017" rather than "executed in the Summer of 2016." *See In re Estate of Hunt*, 908 S.W.2d 483, 485 (Tex. App.—San Antonio 1995, writ denied) ("A court

may not rewrite a will or add provisions under the guise of construction of the language of the will in order to reflect some presumed intention of the testatrix.").

Other language in the Codicil also refutes the contention that the Codicil contains a sufficient reference to the Will. In the Will, Mary Jane named Linda and Julia as co-independent executors of her estate. But the Codicil states, "Linda Hargrove was named Executor in my Will" and purports to "discharge, terminate and remove Linda Hargrove as my Independent Executor." By naming only Linda Hargrove and by using the title "Executor" or "Independent Executor" in the singular (rather than co-independent executor, as used in the Will), the Codicil plainly references a will that names only one executor—Linda. The language of the Codicil is therefore at odds with the language of the Will. Again, we cannot simply overlook the discrepancy, nor can we read into the Codicil a provision to also remove Julia as co-executor. *See Estate of Hunt*, 908 S.W.2d at 485 (court cannot add provisions to will under guise of construing it).

Jim Bob urges that, if the trial court had granted his motion for new trial, he would have introduced additional evidence demonstrating that the discrepancies between the Will and the Codicil occurred because Mary Jane and her attorney did not have access to a copy of the Will when the Codicil was prepared. There is no contention that any such additional evidence was not available at the time of the original hearing. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 813 (Tex. 2010) (evidence must have come to party's knowledge since the trial in order to obtain a new trial based on newly-discovered evidence). In the absence of any showing of newly-discovered evidence, Jim Bob's discussion of what he might have proven if he had been given a second chance is of no consequence.

The Codicil does not contain a sufficient (or any) reference to Mary Jane's February 2017 Will. On the contrary, it contains an express reference to a will "executed in the Summer of 2016." No party has produced a 2016 will or advocated for the admission to probate of any such will. In

fact, they appear to agree that no such will exists. The Codicil purporting to modify that nonexistent will therefore has no validity or effect.

We hold that the trial court's finding that the Codicil lacks the requisite formalities to be admitted to probate with the February 13, 2017 Will is supported by evidence that the Codicil does not contain a sufficient reference to that Will. *See Estate of Lynch*, 395 S.W.3d at 221 (sufficiency review of findings of fact); *Hinson*, 280 S.W.2d at 735 (requirement of sufficient reference to will). In keeping with that holding, we also hold that the trial court did not err by concluding that the Codicil is invalid as a matter of law. *See Estate of Lynch*, 395 S.W.3d at 222 (*de novo* review of conclusions of law based on findings of fact).

## Conclusion

Jim Bob has not demonstrated any error in the trial court's orders admitting Mary Jane's February 13, 2017 Will to probate, issuing letters testamentary to Linda and Julia as co-independent executors of Mary Jane's estate, and denying Jim Bob's application to admit the March 31, 2017 Codicil to probate. Those orders are affirmed.

Rebeca C. Martinez, Justice